

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00026-CR
No. 10-08-00058-CR
No. 10-09-00156-CR

**BRIAN LANCASTER,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court Nos. 07-01490-CRF-272,
### 07-01489-CRF-272, and 07-01491-CRF-272

---

## O P I N I O N

---

Brian Lancaster pleaded guilty in the underlying cases to criminal solicitation of a minor, indecency with a child by exposure, and five counts of indecency with a child by contact.[1]  In a separate trial, "not guilty" pleas were entered on Lancaster's behalf to two counts of promotion of child pornography.[2]

---

[1]     Lancaster pleaded guilty to the following: (1) trial court cause no. 07-01490-CRF-272 (appellate cause no. 10-08-00026-CR)—2 counts of indecency by contact; (2) trial court cause no. 07-01489-CRF-272

On the charges to which Lancaster pleaded guilty, the jury found him guilty as instructed by the court and assessed his punishment at ten years' imprisonment on the criminal solicitation and indecency by exposure charges and twenty years' imprisonment on the indecency by contact charges. In the other trial, the jury convicted Lancaster of both counts of promotion of child pornography and assessed his punishment at twenty years' imprisonment for each count.[3] The juries in both trials assessed a $10,000 fine for each of the nine convictions.

Lancaster contends in what amounts to seven points[4] that:

(1) his convictions for four of the five indecency by contact charges and for both promotion of child pornography charges violate his double jeopardy rights;

(2) prosecution on these same four indecency by contact charges and for both promotion of child pornography charges was improper because the conduct relied on to prove these charges was subsumed by the conduct relied on to prove the other charge of indecency by contact;

---

(appellate cause no. 10-08-00058-CR)—1 count of criminal solicitation and 3 counts of indecency by contact; and (3) trial court cause no. 07-01491-CRF-272 (appellate cause no. 10-09-00156-CR)—1 count of indecency by exposure.

[2]     Lancaster was charged in trial court cause no. 07-01490-CRF-272 (counts 1 & 4) (appellate cause no. 10-08-00026-CR) with 2 counts of promotion of child pornography. These charges were severed from the 2 counts of indecency by contact referenced in note 1 and tried together with 100 counts of possession of child pornography which we address in a separate opinion being issued on the same date as this opinion in appellate cause nos. 10-08-00025-CR, 10-08-00027-CR, 10-08-00028-CR, 10-08-00029-CR, and 10-08-00030-CR.

[3]     Lancaster filed 2 separate briefs in appellate cause no. 10-08-00026-CR. One addresses his convictions under counts 2 and 3 for indecency by contact, to which he pleaded guilty, and the other addresses his convictions under counts 1 and 4 for promotion of child pornography, for which he was separately tried.

[4]     The seven points we have identified assimilate the points raised in Lancaster's briefs. We will address the points as we have renumbered them here. As we address each point, we will indicate how Lancaster has numbered the point in his briefs (*e.g.*, point one in cause no. 10-08-00058-CR).

(3) prosecution for criminal solicitation was improper because the conduct relied on to prove this charge was subsumed by the conduct relied on to prove indecency by exposure;

(4) the court abused its discretion by overruling his objection that the prosecutor's argument during the punishment phase struck at Lancaster over the shoulders of defense counsel;

(5) his right to due process was violated by the court's entry of judgments nunc pro tunc;

(6) the court erred by altering his sentences after he had commenced serving them; and:

(7) the court abused its discretion by refusing to permit him to ask during voir dire whether the jurors could be fair and impartial in a hypothetical case involving sexual molestation of children.

We will affirm.

## Double Jeopardy

Lancaster contends in his first point[5] that his conviction and punishment for all but one count of indecency with a child by contact and his conviction and punishment for both counts of promotion of child pornography violate the prohibition against double jeopardy.

Specifically, he argues that, because of his conviction and punishment for indecency by contact under count 2 of trial court cause no. 07-01489-CRF-272 (appellate cause no. 10-08-00058-CR), his convictions and punishment for the other two counts of indecency by contact in the same case and his convictions and punishment for two counts of indecency by contact in trial court cause no. 07-01490-CRF-272 (appellate

---

[5]    Lancaster's first point as renumbered consists of: (1) the first point in his brief in cause no. 10-08-00026-CR challenging the indecency by contact convictions; (2) the second point in his other brief in cause no. 10-08-00026-CR challenging the promotion of child pornography convictions; and (3) the first point in his brief in cause no. 10-08-00058-CR.

cause no. 10-08-00026-CR) and for two counts of promotion of child pornography in the same case are all jeopardy-barred. He avers that this is a multiple-punishments claim.

Before we reach the jeopardy issue however, we note that Lancaster did not raise this objection at trial. Nevertheless, he will be excused from the ordinary rules of procedural default "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Hanson v. State*, 180 S.W.3d 726, 732 (Tex. App.—Waco 2005, no pet.).

Here, because we have a complete record, "it can be determined from undisputed facts clearly apparent on the face of the record" whether there has been a jeopardy violation. *Hanson*, 180 S.W.3d at 732 (citing *Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref'd)).

> There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. A multiple punishments claim can arise in two contexts:
>
> > (1) the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more (for example, attempted assault of Y and assault of Y; assault of X and aggravated assault of X); and
>
> > (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once (for example, causing a single death by committing both intoxication manslaughter and involuntary manslaughter).

*Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (footnotes omitted).

Lancaster's multiple punishments claim arises under the second alternative, namely, being punished more than once for the same criminal act when the legislature intended the conduct to be punished only once. If, however, the evidence establishes the commission of "distinct and separate offenses," then there is no violation of the Double Jeopardy Clause prohibition of multiple punishments. *See id.* at 688; *Martinez v. State*, 212 S.W.3d 411, 422 (Tex. App.—Austin 2006, no pet.); *Hanson*, 180 S.W.3d at 732-33.

Counts 2 and 4 of the indictment in trial court cause no. 07-01489-CRF-272 alleged that Lancaster engaged in sexual contact with K.M by touching her genitals and breast. Count 3 of this indictment alleges that he engaged in sexual contact with K.M. by touching her breast.

Counts 2 and 3 of the indictment in trial court cause no. 07-01490-CRF-272 alleged that he engaged in sexual contact with K.M. by touching her genitals. Counts 1 and 4 of this indictment allege that he engaged in the promotion of child pornography by manufacturing visual material that visually depicted a child engaging in sexual conduct, "to-wit: actual or simulated lewd exhibition of the genitals."[6]

State's Exhibit No. 130 is a DVD which depicts eleven separate instances of sexual contact. Lancaster suggests that, because these instances all occurred during a

---

[6] Both indictments alleged that these offenses were committed "on or about December 31, 2006." However, the State is not bound by the date alleged in the indictment so long as the evidence establishes that the offense was committed before the presentment of the indictment but within the limitations period. *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997); *Lane v. State*, 174 S.W.3d 376, 386 n.12 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

relatively brief period of time[7] when K.M's mother left K.M and her sister in Lancaster's care while she went Christmas shopping with Lancaster's former wife, the conduct depicted should be treated as a single instance of sexual contact. However, a defendant may be prosecuted for each discrete sex crime committed against a child during the same criminal episode "because each act is a separate violation of the child." *Hanson*, 180 S.W.3d at 733 (quoting *Lopez v. State*, 108 S.W.3d 293, 300 n.28 (Tex. Crim. App. 2003)).

The second segment in the DVD depicts Lancaster touching K.M.'s genitals and breast while seated in a recliner. The fifth segment depicts him doing the same thing in a bath tub. The fourth segment depicts him sitting in the recliner reaching under her shirt to touch her breast. Thus, these three segments depict separate instances of conduct when Lancaster committed indecency by contact as alleged in the indictment in trial court cause no. 07-01489-CRF-272.

The third and sixth segments of this DVD depict two other instances when Lancaster touched K.M.'s genitals. Thus, these segments depict separate instances of conduct when Lancaster committed indecency by contact as alleged in the indictment in trial court cause no. 07-01490-CRF-272.

The seventh and eighth segments of the DVD depict separate instances[8] when Lancaster uncovered K.M.'s genitals and made a close-up recording of her genitals.

---

[7] There is no testimony in the record regarding how long the shopping trip lasted. K. M.'s mother testified that they met Lancaster and the children at a restaurant for dinner that evening.

[8] We need not determine whether a defendant may be prosecuted both for indecency by contact and promotion of child pornography for a single video recording depicting the defendant engaging in

Thus, these segments depict separate instances of conduct when Lancaster committed promotion of child pornography as alleged in the indictment in trial court cause no. 07-01490-CRF-272.

State's Exhibit No. 130 depicts at least seven separate incidents when Lancaster engaged in the conduct alleged in the indictments. Because the evidence establishes the commission of "distinct and separate offenses," there is no violation of the Double Jeopardy Clause prohibition of multiple punishments. *See Langs*, 183 S.W.3d at 688; *Martinez*, 212 S.W.3d at 422; *Hanson*, 180 S.W.3d at 732-33; *Murray*, 24 S.W.3d at 889. Accordingly, we overrule Lancaster's first point.

### Conduct Subsumed

Lancaster contends in his second point[9] that the judgments of conviction for all but one count of indecency with a child by contact and for both counts of promotion of child pornography should be vacated because the conduct relied on to prove the challenged offenses was subsumed by the conduct relied on to prove indecency by contact under count 2 of trial court cause no. 07-01489-CRF-272 (appellate cause no. 10-08-00058-CR). He similarly claims in his third point[10] that the judgment of conviction for criminal solicitation should be vacated because the conduct relied on to prove this

---

sexual contact with a child because the record in this case contains video recordings of multiple instances of sexual contact.

[9]     Lancaster's second point as renumbered consists of: (1) the second point in his brief in cause no. 10-08-00026-CR challenging the indecency by contact convictions; (2) the third point in his other brief in cause no. 10-08-00026-CR challenging the promotion of child pornography convictions; and (3) the second point in his brief in cause no. 10-08-00058-CR.

[10]     This is the third point in Lancaster's brief in cause no. 10-08-00058-CR.

offense was subsumed by the conduct relied on to prove indecency by exposure under trial court cause no. 07-01491-CRF-272 (appellate cause no. 10-09-00156-CR).

Lancaster places primary reliance on *Patterson v. State*, 152 S.W.3d 88 (Tex. Crim. App. 2004). There the Court of Criminal Appeals explained that, although the Legislature has authorized multiple punishments for the repeated commission of such crimes against a child during a single criminal episode, "there is nothing in the language [of the pertinent statutes] to suggest that it intended to authorize 'stop-action' prosecution." *Id.* at 92.

> Just as a conviction for a completed offense bars prosecution for an attempt to commit the same offense, a conviction for an offense set out in § 3.03 bars conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense. For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed.

*Id.*

As we have explained, however, if the evidence shows the commission of distinct offenses based on different (albeit similar) conduct, then the conduct which serves as the basis for one of the offenses necessarily cannot be subsumed in the conduct which serves as the basis for commission of the other(s). *See Hanson*, 180 S.W.3d at 732-33.

In addressing Lancaster's first point, we explained how State's Exhibit No. 130 depicts the commission of factually distinct offenses which provide a separate evidentiary basis for each of the convictions he challenged in his first point and again challenges in his second point. Because this evidence establishes the commission of at

least seven "distinct and separate offenses," his prosecution for the challenged convictions is not barred under the principles enunciated in *Patterson*. *Id.* Thus, we overrule Lancaster's second point.

In his third point, Lancaster similarly contends that the conduct relied on to prove criminal solicitation is barred under *Patterson* because it is subsumed within the conduct relied on to prove indecency by exposure.

The indictment count for criminal solicitation alleges that Lancaster, with intent that sexual performance by a child be committed, induced K.C. to allow him to photograph her vagina. The indictment for indecency by exposure (the sole count in that case) alleges that he exposed his genitals to K.C. with the requisite intent.

In *Patterson*, the Court cited as an example of an offense which is not subsumed indecency by genital exposure committed in the course of aggravated sexual assault by manual penetration. *See Patterson*, 152 S.W.3d at 92. In the same manner, we hold that a person soliciting a child to permit him to photograph her vagina is not subsumed within the act of the person exposing his genitals to the child, even if done at the same time. *Id.*; *Hanson*, 180 S.W.3d at 732-33. Thus, we overrule Lancaster's third point.

### Voir Dire

Lancaster contends in his seventh point[11] that the court abused its discretion by refusing to permit him to ask during voir dire whether the jurors could be fair and impartial in a hypothetical case involving sexual molestation of children. We address

---

[11] This is the first point in Lancaster's brief in cause no. 10-08-00026-CR challenging the promotion of child pornography convictions.

this issue in the other opinion we have issued today in appellate cause nos. 10-08-00025-CR, 10-08-00027-CR, 10-08-00028-CR, 10-08-00029-CR, and 10-08-00030-CR. We hold that the court abused its discretion by refusing to permit him to ask the question but this error, beyond a reasonable doubt, did not contribute to his conviction. *See Lancaster v. State*, No. 10-08-00025-CR, slip op. at 4-6 (Tex. App.—Waco May 26, 2009, no pet. h.). Thus, we overrule Lancaster's seventh point.

## Improper Argument

Lancaster contends in his fourth point[12] that the court abused its discretion by overruling his objection that the prosecutor's argument during the punishment phase struck at him over the shoulders of defense counsel.

There are four categories of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007). The State may not strike at a defendant over the shoulders of defense counsel or accuse counsel of bad faith or insincerity during argument. *See id.*; *Harris v. State*, 122 S.W.3d 871, 886 (Tex. App.—Fort Worth 2003, pet. ref'd).

During closing, defense counsel discussed the impact of Lancaster's convictions on his family, career and personal life. Counsel urged the jury to show mercy in assessing punishment. In rebuttal, the State reminded the jury that Lancaster's actions

---

[12] Lancaster's fourth point as renumbered consists of: (1) the third point in his brief in cause no. 10-08-00026-CR challenging the indecency by contact convictions; (2) the fourth point in his brief in cause no. 10-08-00058-CR; and (3) the first point in his brief in cause no. 10-09-00156-CR.

had impacted the lives of several children and their families. After addressing this for a few moments, the State talked further about Lancaster.

> STATE: Now, I want to talk about the defendant, too; but I also want to make sure we understand the context in which we are talking about the defendant. Mr. Banks said a very important thing. He said, "You know, the first time that I went up to the jail, I expected to meet a pervert, to hate him, to be angry; but when I met him, oh, he was a nice guy, good at his job, salvageable. There's something good about him."
>
> You heard from their own witness, Charlie Russ, about the concept of grooming. That is the stock and trade of the child molester, of the pedophile. It is—and listen very carefully, because you are being victimized in exactly the same way—gain your trust and violate it. Gain your trust and then violate it. And that's what they are trying to do to you. That's what this defense is about. They are grooming the jury to try and have you think about anything other than the victims in this case—
>
> DEFENSE: Judge, I object. That is striking at the defendant over the remarks of counsel.

The State responded that the argument was invited. The court overruled the objection.

We assume without deciding that the argument was improper. *See Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) ("The comments in the present case are milder, merely indicating that the defense attorneys would attempt to use argument to divert the jury's attention or obscure the issues."); *Graves v. State*, 176 S.W.3d 422, 430 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Brantley v. State*, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref'd); *but cf. Pope v. State*, 161 S.W.3d 114, 126-27 (Tex. App.—Fort Worth 2004) (finding similar remarks "were not suggestive of bad faith or insincerity on the part of opposing counsel, but were responsive to arguments of the defense and therefore not improper"), *aff'd*, 207 S.W.3d 352 (Tex. Crim. App. 2006).

To determine whether this error requires reversal, we consider: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and, (3) the certainty of the punishment assessed absent the misconduct. *See Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); *Searcy v. State*, 231 S.W.3d 539, 548 (Tex. App.—Texarkana 2007, pet. ref'd).

The challenged argument was at worst mildly inappropriate, so the first factor does not weigh heavily in Lancaster's favor. *See Mosley*, 983 S.W.2d at 260; *Graves*, 176 S.W.3d at 430; *Brantley*, 48 S.W.3d at 331. The second factor does not come into play because the court merely overruled Lancaster's objection, so this factor weighs in his favor. *See Brantley*, 48 S.W.3d at 331. Regarding the third factor, the jury assessed the maximum punishment for each count. However, Lancaster pleaded guilty to each count, and the State presented overwhelming evidence of his guilt in addition to extraneous-offense evidence revealing his guilt of numerous similar offenses for which he was not indicted. Thus, the third factor weighs heavily in favor of the State because "it is likely that the same punishment would have been assessed regardless of the improper [argument]." *Archie*, 221 S.W.3d at 700 (quoting *Archie v. State*, 181 S.W.3d 428, 432 (Tex. App.—Waco 2005)); *see Martinez*, 17 S.W.3d at 693; *Mosley*, 983 S.W.2d at 260; *Searcy*, 231 S.W.3d at 550.

Given the mildness of the challenged argument and the overwhelming evidence supporting the punishment assessed, we hold that any error was harmless. *See Martinez*, 17 S.W.3d at 694; *Mosley*, 983 S.W.2d at 260; *Searcy*, 231 S.W.3d at 550. Accordingly, we overrule Lancaster's fourth point.

**Judgments Nunc Pro Tunc**

Lancaster contends in his fifth point[13] that his right to due process was violated by the court's entry of judgments nunc pro tunc without notice or an opportunity to be heard. He claims in his sixth point[14] that the court's entry of the judgments nunc pro tunc constitutes the erroneous alteration of his sentences after he had commenced serving them. We address these in reverse order.

At issue are Lancaster's sentences for five counts of indecency by contact, a single count of indecency by exposure, and a single count of criminal solicitation. The court ordered that Lancaster's sentences for indecency by exposure, criminal solicitation, and one count of indecency by contact run concurrently beginning with the date of imposition of sentence, November 19, 2007. The sentences for the other four counts of indecency by contact were to run consecutively thereafter.

The court signed the judgments on November 28. These judgments recited the concurrent and consecutive sentences by specifying the cause numbers and counts which were to run concurrently or consecutively. For example, the judgment in trial court cause no. 07-01491-CRF-272 provided in pertinent part:

> The Court ORDERS that the sentence in this conviction shall run concurrently with the following judgments and sentences: Brazos County cause number 07-01489-CRF-272 (Count One), with the date of sentence imposed being November 19, 2007; and Brazos County cause number 07-

---

[13] Lancaster's fifth point as renumbered consists of: (1) the fourth point in his brief in cause no. 10-08-00026-CR challenging the indecency by contact convictions; (2) the fifth point in his brief in cause no. 10-08-00058-CR; and (3) the second point in his brief in cause no. 10-09-00156-CR.

[14] Lancaster's sixth point as renumbered consists of: (1) the fifth point in his brief in cause no. 10-08-00026-CR challenging the indecency by contact convictions; and (2) the sixth point in his brief in cause no. 10-08-00058-CR.

01489-CRF-272 (Count Two), with the date of sentence imposed being November 19, 2007.

On January 2, 2008, the court signed judgments nunc pro tunc for each count, specifying the offense of conviction for each cause number recited in the concurrent/consecutive sentencing paragraph. For example, the judgment nunc pro tunc in trial court cause no. 07-01491-CRF-272 provided in pertinent part:

> The Court ORDERS that the sentence in this conviction shall run concurrently with the following judgments and sentences: Brazos County cause number 07-01489-CRF-272 (Count One), for the offense of Criminal Solicitaion [sic] of a Minor and with the date of sentence imposed being November 19, 2007; and Brazos County cause number 07-01489-CRF-272 (Count Two), for the offense of Indecency with a Child by Sexual Contact and with the date of sentence imposed being November 19, 2007.

Lancaster's sixth point depends on his underlying contention that the cumulation orders in the original judgments signed in November 2007 were ineffective. As the argument goes, because the cumulation orders were ineffective, his sentences ran concurrently, and the trial court had no authority to correct the ineffective cumulation orders after he began serving his sentences. However, we reject the underlying premise.

The Court of Criminal Appeals has identified five *recommended* elements for a cumulation order: (1) the cause number of the prior conviction; (2) the name of the trial court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Williams v. State*, 675 S.W.2d 754, 763-64 (Tex. Crim. App. 1984); *Strahan v. State*, 306 S.W.3d 342, 352 (Tex. App.—Fort Worth 2010, pet. filed). The purpose of these elements is to enable

prison authorities to know how long to detain the inmate. *Williams*, 675 S.W.2d at 764; *Strahan*, 306 S.W.3d at 351-52.

The elements are not mandatory so long as the judgment is "'substantially and sufficiently specific,' . . . to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." *Williams*, 675 S.W.2d at 764 (quoting *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)); *accord Strahan*, 306 S.W.3d at 351-52. In fact, "a cumulation order which refers only to a prior cause number is sufficient if the order is entered in the same court as the sentence to which it is made cumulative." *Williams*, 675 S.W.2d at 764; *see Greer v. State*, No. 03-07-00447-CR, 2008 WL 2938795, at *2 (Tex. App.—Austin July 31, 2008, pet. ref'd) (not designated for publication); *Holder v. State*, No. 11-01-00363-CR, 2002 WL 32344923, at *1 (Tex. App.—Eastland Oct. 10, 2002, no pet.) (per curiam) (not designated for publication).

Here, the cumulation orders in the November 2007 judgments contained essentially two of the five recommended elements: (1) the cause number of the prior conviction; and (2) the date of the prior conviction. Although the cumulation orders do recite the county of the prior conviction, they do not name the particular district court[15] where the prior conviction was obtained. However, because all of Lancaster's convictions were obtained in the 272nd District Court of Brazos County, the recitation of the cause numbers of the prior convictions is all that was required to make the cumulation orders sufficiently specific. *Id.* Therefore, because the original cumulation

---

[15] Brazos County has three district courts.

orders were sufficiently specific, the trial court's decision to add more specificity by judgments nunc pro tunc after Lancaster began serving his sentences did not constitute an alteration of the sentences. Thus, we overrule Lancaster's sixth point.

Lancaster contends in his fifth point that his right to due process was violated by the court's entry of the judgments nunc pro tunc without notice or an opportunity to be heard. We addressed a similar contention in *Popp v. State*, No. 10-03-00263-CR, 2004 WL 2306635 (Tex. App.—Waco Oct. 13, 2004, pet. ref'd) (not designated for publication).

> The purpose of a nunc pro tunc order is to have the court records correctly reflect a judgment actually rendered by the trial court. *See Jones v. State,* 795 S.W.2d 199, 202 (Tex. Crim. App. 1990); *McGinnis v. State,* 664 S.W.2d 769, 770 (Tex. App.—Amarillo 1983, pet. ref'd). The Court of Criminal Appeals has said, that before any unfavorable nunc pro tunc orders are entered, the person convicted should be given an opportunity to be present for the hearing and represented by counsel, in order to accord him due process of law. *Shaw v. State,* 539 S.W.2d 887, 890 (Tex. Crim. App. 1976). But more recently, the Court has said that if the trial court properly changed the order, remanding for a hearing would be a "useless task." *Homan v. Hughes,* 708 S.W.2d 449, 454-455 (Tex. Crim. App. 1986).

*Id.*, 2004 WL 2306635, at *1.

Sending these appeals back to the trial court for a hearing would be a "useless task." *See Homan*, 708 S.W.2d at 454-55; *Popp*, 2004 WL 2306635, at *2. Thus, we overrule Lancaster's fifth point.

We affirm the judgments.


                                                      FELIPE REYNA
                                                      Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the
trial court's judgment.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed May 26, 2010
Publish
[CRPM]