# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-14-00042-CV
---

**In re Gerardo Leyva**

---
### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY
---

## M E M O R A N D U M   O P I N I O N

Relator Gerardo Leyva has filed a petition for writ of mandamus with this Court. *See* Tex. Gov't Code § 22.221; Tex. R. App. P. 52. In the petition, Leyva asks this Court to compel the trial court to enter a nunc pro tunc judgment modifying Leyva's judgment of conviction to reflect that Leyva meets the requirements for sex-offender registration. *See* Tex. Code Crim. Proc. art. 42.01, § 1(27). We conditionally grant the petition.

To obtain mandamus relief, a relator must demonstrate that (1) he has no other adequate remedy to redress the alleged harm and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d, 924, 927 (Tex. Crim. App. 2001); *In re Daisy*, 156 S.W.3d at 924.

Leyva has no adequate remedy on appeal. A defendant may not challenge a trial court's order denying his motion for judgment nunc pro tunc by direct appeal. *See Abbott v. State*,

271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Therefore, Leyva has satisfied the first requirement of mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Next, we consider whether the trial court had a ministerial duty to grant Leyva's motion for judgment nunc pro tunc.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court the judgment actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 2008). "In other words, use of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past." *Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.). "A nunc pro tunc order may correct clerical errors in the judgment." *Poe*, 751 S.W.2d at 876. "A clerical error is one which does not result from judicial reasoning or determination." *Id.*

"In the event of a conviction of an offense for which registration as a sex offender is required under Chapter 62," the written judgment of conviction must contain "a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense." Tex. Code Crim. Proc. art. 42.01, § 1(27). Because the statute requires that the trial court include a sex-offender-registration finding when applicable, the trial court has no discretion to do otherwise. *See Dewalt v. State*, 417 S.W.3d 678, 690 (Tex. App.—Austin 2013, pet. filed). "[T]he failure of the trial judge to do so [is] not an error of judicial reasoning but rather an error of a clerical nature." *Poe*, 751 S.W.2d at 876; *see also Dewalt*, 417 S.W.3d at 690.

In this case, the record reflects that Leyva was convicted of aggravated sexual assault—a conviction that requires Leyva to register as a sex offender. *See* Tex. Code Crim. Proc. art. 62.001(6)(A) (listing aggravated sexual assault as "reportable conviction"). The trial court was

2

required to include a statement to that effect in its written judgment. *See id.* art. 42.01, § 1(27). Therefore, as the State concedes, the trial court had no discretion but to grant Leyva's motion for judgment nunc pro tunc by adding a finding that Leyva met the requirements for sex-offender registration to the judgment of conviction.[1]

Leyva has demonstrated that he is entitled to mandamus relief. Therefore, we conditionally grant Leyva's petition for writ of mandamus in part and direct the trial court to enter a judgment nunc pro tunc that includes a finding that Leyva meets the requirements for sex-offender registration.[2] *See* Tex. Code Crim. Proc. art. 42.01, § 1(27). If the trial court fails to comply, we will issue the writ.

---

[1] The record reflects that the trial court denied Leyva's motion for judgment nunc pro tunc because it was "not free to correct a clerical mistake . . . if the defendant has already appealed his conviction," citing rule 23.1 of the Rules of Appellate Procedure. However, a trial court may enter a judgment nunc pro tunc to correct clerical errors in the judgment—such as a finding that the accused meets the requirements for sex-offender registration—even after the court's plenary power has expired. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, orig. proceeding).

[2] Leyva also requests that we direct the trial court to conduct a hearing on his motion for nunc pro tunc judgment so that Leyva can be present when the corrected judgment is announced. *See Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) (stating that due process requires convicted person to be present at hearing and represented by counsel before "unfavorable nunc pro tunc order" is entered). However, given that this Court's order compels the trial court to grant Leyva the relief he seeks, we conclude that "the outcome would not change" if the trial court conducted a hearing. *See Homan v. Hughes*, 708 S.W.2d 449, 454–55 (Tex. Crim. App. 1986) (concluding that if trial court's nunc pro tunc order was proper, no need to remand for hearing); *Lancaster v. State*, 324 S.W.3d 217, 228 (Tex. App.—Waco 2010, pet. ref'd). Requiring the trial court to conduct a hearing before complying with this Court's order would be a "useless task," and we therefore deny this aspect of Leyva's mandamus petition. *See Homan*, 708 S.W.2d at 454–55.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   April 17, 2014