**Opinion issued September 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00466-CR

————————————

## IN RE TED LAWRENCE ROBERTSON, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Ted Lawrence Robertson, has filed a petition for writ of mandamus, challenging the trial court's February 11, 2009 judgment nunc pro tunc.[1] In his petition, relator contends that the judgment nunc pro tunc is void because he was not provided notice of a hearing on a motion for judgment nunc pro tunc and

---

[1] The underlying case is *State of Texas v. Ted Lawrence Robertson*, cause number 940376 (174th Dist. Ct., Harris Cnty., Tex.), the Hon. Ruben Guerrero presiding.

because the evidence is insufficient to show that the judgment nunc pro tunc corrects a clerical, rather than a judicial, error. We deny the petition.

## Background

The trial court entered the original judgment in trial court cause number 940376 on June 10, 2003, reflecting that a jury found relator guilty of the felony offense of violation of a protective order and imposing a sentence of 25 years' imprisonment. The judgment further indicated that the findings on enhancement paragraphs were not applicable.

On February 11, 2009, the trial court signed an "Entry of Judgment Nunc Pro Tunc," ordering the judgment to be amended to reflect that the findings on the two enhancement paragraphs were true. An amended judgment was issued, reflecting findings of true on the enhancement paragraphs.

On June 10, 2014, relator filed his petition for writ of mandamus, contending that the judgment nunc pro tunc is void, because he was not provided with notice or the opportunity to be heard prior to the signing of the judgment nunc pro tunc and because the error in the original judgment, if any, constitutes judicial error, not clerical error.

## Analysis

"The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as

2

pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). Corrections are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *See id.* at 898. A nunc pro tunc judgment is an appealable order. *Id.* at 903, 904; *see In re Cuong Van Nguyen*, No. 09-12-00592-CR, 2013 WL 1278981, at *1 (Tex. App.—Beaumont Mar. 27, 2013, orig. proceeding) (mem. op., not designated for publication).

Because a nunc pro tunc judgment is an appealable order, relator had an adequate legal remedy for challenging the imposition of the judgment nunc pro tunc, and mandamus relief is not appropriate, unless the judgment was void. *See In re Cuong Van Nguyen*, 2013 WL 1278981, at *1; *In re State ex rel. Robinson*, 116 S.W.3d 115, 117 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) ("If the challenged order is void, the relator need not show that it lacks an adequate appellate remedy."); *see also In re Atkins*, No. 12-11-00180-CR, 2012 WL 343317, at *2 (Tex. App.—Tyler Jan. 31, 2012, orig. proceeding) (mem. op., not designated for publication) (dismissing petition for writ of mandamus challenging entry of judgment nunc pro tunc because relator had adequate remedy by way of application for writ of habeas corpus). "A nunc pro tunc judgment made to correct a judicial error is void." *In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin

3

2008, orig. proceeding) (citing *In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)).

Here, the trial court signed an "Entry of Judgment Nunc Pro Tunc" to make the judgment reflect that relator pleaded not true to the enhancement paragraphs alleged against him and that the jury found the enhancement paragraphs to be true. Relator argues that the evidence is insufficient to support the trial court's implied finding that the designation on the original judgment indicating "not applicable" for the jury's findings on the enhancement paragraphs was a clerical error. Relator further contends that the designation of "not applicable" for the jury's findings on the enhancement paragraphs was judicial error, if it was erroneous at all. Finally, relator argues that the judgment nunc pro tunc is void because he was not afforded notice of, and an opportunity to be heard at, a hearing regarding the entry of the judgment nunc pro tunc.

Contrary to relator's arguments, at the conclusion of the punishment hearing, the trial court read the jury's verdict on punishment in open court[2]: "We, the jury, having found the defendant, Ted Robertson, guilty of the felony offense of

_____

[2] We take judicial notice of the appellate record and our opinion in appellate cause number 01-03-00366-CR. *See Kachar v. Harris Cnty. Attorneys*, No. 01-08-00730-CV, 2009 WL 1270288, at *1 n.1 (Tex. App.—Houston [1st Dist.] May 7, 2009, no pet.) (mem. op.); *Sommers v. Concepcion*, 20 S.W.3d 27, 35 n.4 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also Robertson v. State*, 175 S.W.3d 359, 361 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("After finding two enhancements true, the jury assessed appellant's punishment at 25 years' confinement.")

violation of a protective order, do further find the allegations in enhancement paragraph one and enhancement paragraph two are true and assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 25 years." The trial court then pronounced relator's sentence: "[I]t is the order of this Court that you, Ted Robertson, having been found guilty . . . of the twice-enhanced felony offense of violation of a protective order . . . shall be confined for a period of 25 years."

Therefore, the trial court's judgment nunc pro tunc properly corrected a clerical error in the original judgment, to make the judgment reflect the jury's findings and the trial court's pronouncement that the enhancement paragraphs alleged against him were true. *See Jimenez v. State*, Nos. 07-11-0336-CR, 07-11-0337-CR, 2012 WL 1658418, at *2 (Tex. App.—Amarillo May 11, 2012, no pet.) (mem. op., not designated for publication); *Melendez v. State*, No. 08-09-00225-CR, 2010 WL 4983427, at *3 (Tex. App.—El Paso Dec. 8, 2010, pet. ref'd) (not designated for publication). Further, neither a clerical error nor the entry of a nunc pro tunc judgment correcting a clerical error, even if entered in an "ex parte" nature, render a judgment void. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *Homan v. Hughes*, 708 S.W.2d 449, 454–55 (Tex. Crim. App. 1986) (denying mandamus relief in case involving nunc pro tunc order entered in "'ex parte' nature"); *Lancaster v. State*, 324 S.W.3d 217, 228 (Tex. App.—Waco 2010,

5

pet. ref'd) (affirming judgment nunc pro tunc entered without affording notice or opportunity to be heard to defendant); *Willis v. State*, Nos. 2-02-117-CR, 2-02-118-CR, 2003 WL 22026595, at \*4 (Tex. App.—Fort Worth Aug. 29, 2003, no pet.) (not designated for publication) ("A clerical error does not render a judgment void.").

The judgment nunc pro tunc is not void. Therefore, relator had an adequate remedy by way of appeal and mandamus relief is not appropriate. *See Alvarez v. Eighth Court of Appeals of Tex.*, 977 S.W.2d 590, 592 (Tex. Crim. App. 1998).

Accordingly, we deny the petition for writ of mandamus.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).