**Ex parte Yvette Velma CURRY, Appellant.**

**No. 3–86–107–CR.**

Court of Appeals of Texas, Austin.

June 25, 1986.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., Kevin M. Wilson, Asst. Dist. Atty., Belton, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Following a hearing on appellant's writ of habeas corpus, the trial court ordered that appellant be denied bail pending her appeal from the entry of a judgment *nunc pro tunc*. We will set aside the order of the trial court and remand the cause for the setting of bail.

In June, 1985, a jury found appellant guilty of voluntary manslaughter and assessed punishment at imprisonment for five years. Appellant gave notice of appeal and was released on a $12,500.00 appeal bond. On July 6, 1985, appellant withdrew her notice of appeal and surrendered herself to the Department of Corrections.

On February 27, 1986, appellant was released on parole. On March 7, 1986, the State filed a motion in the trial court for entry of judgment *nunc pro tunc*. In its motion, the State alleged that the jury at appellant's trial had affirmatively found that appellant used a deadly weapon during the commission of the offense, but that this affirmative finding had been erroneously omitted from the original judgment of conviction.[1] On March 18, 1986, after a hearing on the State's motion, the trial court found that the jury had indeed made an affirmative finding and that this finding was omitted from the original judgment of conviction due to clerical error, and ordered that a *nunc pro tunc* judgment be entered containing the affirmative finding. The court further ordered appellant returned to custody because, in light of the affirmative finding, she was not eligible for parole.

Appellant gave notice of appeal from the entry of the *nunc pro tunc* judgment.[2] On the same date, appellant filed her writ of habeas corpus requesting that she be

---

1. One effect of such a finding is to delay the parole eligibility date. Tex.Code Cr.P.Ann. art. 42.18 § 8(b) Supp.1986).

2. This appeal has been entered on the docket of this Court as our cause number 3–86–079–CR.

permitted to post bond pending this appeal. Following a further hearing, the trial court concluded that appellant was not entitled to bail and ordered that the requested relief be denied. The instant appeal followed.

■ Before deciding whether appellant is entitled to bail pending appeal, we must first determine whether she has a right to appeal from the order entering the *nunc pro tunc* judgment. The answer to this question is found in *Shaw v. State*, 539 S.W.2d 887 (Tex.Cr.App.1976). In *Shaw*, the defendant was sentenced on November 27, 1974, to imprisonment for one year. The sentence recited that it was to run from September 17, 1974, the date the defendant was jailed in the cause. Although the defendant immediately waived his right to appeal, he was released from custody by the sheriff, apparently because of illness, and was allowed to remain at large until June 5, 1975, when he was transported to the Department of Corrections by ambulance. When Department of Corrections officials reviewed the commitment papers, which did not reflect the fact of the defendant's previous release from custody, they determined that he had already discharged his sentence and refused to accept custody. On June 25, 1975, the trial court held a hearing and, in effect, entered a *nunc pro tunc* sentence reflecting that the defendant was entitled to only seventy-three days of jail time credit, having been out of custody from September 17, 1974, until June 5, 975. The Court of Criminal Appeals determined that the defendant had a right to appeal from the *nunc pro tunc* order, and proceeded to hold that the trial court had not abused its discretion in entering the order.[3]

Insofar as her right to appeal the *nunc pro tunc* order is concerned, appellant is in a position analogous to that of the defendant in *Shaw*. As in *Shaw*, appellant waived her right to appeal from the original conviction. As in *Shaw*, it has been determined, based on the original commitment papers, that appellant is entitled to release from custody. And as in *Shaw*, the trial court has entered a *nunc pro tunc* order the effect of which is to require further imprisonment of appellant. We hold that, under *Shaw*, appellant may appeal from the trial court's order.[4]

■ In concluding that appellant is not entitled to bail, the trial court noted that by surrendering herself into the custody of the Department of Corrections, appellant waived her right to bail pending appeal from the original conviction. *Thompson v. State*, 641 S.W.2d 920 (Tex.Cr.App.1982).[5] Because a *nunc pro tunc* judgment merely corrects the written record to show the true judgment of the court, and therefore its force and effect relates back to the date the original judgment was pronounced, *Alvarez v. State*, 605 S.W.2d 615 (Tex.Cr.App. 1980), the trial court concluded that its order did not revive the right to bail appellant had previously forfeited. The brief filed by the district attorney echoes the reasoning of the trial court.

The flaw in this argument is that while the legal effect of the *nunc pro tunc* judgment relates back to the original judgment, appellant's right to challenge the order entering the *nunc pro tunc* judgment as an abuse of the trial court's discretion cannot be abridged by events that took place before the order was entered. *Shaw* teaches, and the State concedes, that appellant may appeal the *nunc pro tunc* order even though she waived her right to appeal from the original judgment of conviction. Similarly, the fact that appellant surrendered herself into the custody of the Department of Corrections in July, 1985, following the entry of the original judgment of conviction

---

**3.** Although the opinion in *Shaw* notes that the defendant remained free on bond after the *nunc pro tunc* order was entered, no issue as to the defendant's entitlement to bail was raised and the opinion does not address this question.

**4.** We voice no opinion as to the scope of this appeal. However, *see* and *compare Cunning-*

*ham v. State*, 167 Tex.Cr.R. 641, 322 S.W.2d 538 (1959) *with Kazmir v. State*, 438 S.W.2d 911 (Tex.Cr.App.1968) and cases therein cited.

**5.** Of course, this was a moot point at the time because, before surrendering herself, appellant dismissed her appeal.

does not work as a forfeiture of appellant's right to bail pending her appeal of the order entered March 18, 1986.

■ All prisoners shall be bailable by sufficient sureties, unless for a capital offense when the proof is evident. Tex. Const. art. I § 11 (1984). The general rule favors the allowance of bail. *Ex parte Davis*, 574 S.W.2d 166 (Tex.Cr.App.1978). Tex.Code Cr.P. Ann. art. 44.04 (Supp.1986), providing for bail pending appeal, authorizes its denial only if there exists good cause to believe that one convicted of a felony offense will not appear when his conviction becomes to final or is likely to commit another offense while on bail. It has been neither found nor suggested that this exception to the right to bail pending appeal applies to appellant.

In *Ex parte Morris*, 626 S.W.2d 754 (Tex. Cr.App.1982) (opinion on rehearing), it was held that a prisoner prematurely paroled without fault on his part was entitled to credit against his sentence for the time he was erroneously at liberty. In its brief, the State argues that to allow appellant to remain free on bond while she challenges the validity of the *nunc pro tunc* order will unfairly permit her to earn credit on her sentence without actually being incarcerated. The State's concern is not warranted.

It is true that if the order entering the *nunc pro tunc* judgment is upheld and appellant is reincarcerated, she will be entitled to credit for the period between February 27, 1986, when she was erroneously released on parole, and March 18, 1986, when the *nunc pro tunc* judgment was entered and she was returned to custody. However, it is well-established that a defendant is not entitled to credit against his sentence for the time he is at large pursuant to an appeal bond. Tex.Code Cr.P.Ann. art. 42.03 (1979 and Supp.1986); *Ex parte Allen*, 548 S.W.2d 905 (Tex.Cr.App.1977). Thus, if the trial court's *nunc pro tunc* order is upheld on appeal and appellant is returned to custody, she will not be entitled to credit for the time she is free on bail pending her appeal from the order.

Whether appellant was erroneously admitted to parole on February 27 depends on whether it was within the discretion of the trial court to order the entry of the *nunc pro tunc* judgment. This question is presently pending on appeal to this Court. Until this appeal is finally determined, appellant is entitled to reasonable bail.

■ As previously noted, the trial court originally set appellant's bail pending appeal at $12,500.00. At the habeas corpus hearing, appellant testified that she and her family were financially able to post a bond no larger than $5,000.00. In light of the fact that appellant voluntarily surrendered herself after she dismissed her original appeal, and taking into consideration that appellant is now subject to the various terms and conditions of her parole, we conclude that bail in excess of $5,000.00 would not be reasonable.

The order of the trial court denying appellant bail pending her appeal from the *nunc pro tunc* order entered March 18, 1986, is set aside. The cause is remanded to the trial court for the setting of reasonable bail not to exceed $5,000.00.

GAMMAGE, J., not participating.