In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-516 CR


____________________



JERALD D. UNDERWOOD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 95-11-01265-CR






OPINION



 This is an appeal from the granting of a judgment nunc pro tunc. 

 On May 3, 1996, Jerald D. Underwood was convicted of sexual assault and
sentenced to nine years of confinement in the Texas Department of Criminal Justice,
Institutional Division. On January 7, 2003, Underwood filed a motion for judgment nunc
pro tunc in which he alleged that on August 28, 1995, he was arrested for an unrelated
offense. Underwood admitted that no detainer was placed on him when the Montgomery
County indictment issued, but contended that he was nevertheless entitled to credit on the
sentence for the Montgomery County offense for the time that he was detained solely in
connection with the unrelated offense. The State opposed Underwood's motion but filed
its own motion for judgment nunc pro tunc in which it alleged that Underwood was entitled
to back credit for 23 days during which a "Central Jail Records detainer" was in
Underwood's file while he was on bench warrant to Midland County. The trial court
denied Underwood's motion, granted the State's motion, and entered a judgment nunc pro
tunc that increased the time credited from 119 days to 142 days. 

 On appeal, the State filed a motion to dismiss the appeal for lack of jurisdiction. 
We denied the motion. Underwood did not file a formal brief, but did file a document
titled "Writ Letter." Because it contains argument and authorities in which Underwood
challenges the trial court's ruling, the so-called "writ letter" functions as a brief and will
be addressed as the brief of the appellant. See Tex. R. App. P. 38.9 ("Because briefs are
meant to acquaint the court with the issues in a case and to present argument that will
enable the court to decide the case, substantial compliance with this rule is sufficient... ."). 
 First, Underwood complains that the State corrected an illegal order. The original
judgment apparently stated, "it is further ORDERED that the Defendant reimburse"
Montgomery County for restitution, fine, and court-appointed attorney fees as a condition
of parole. The State asked the trial court to correct the judgment to recite that the trial
court recommended rather than ordered reimbursement. No reporter's record from the
sentencing hearing has been filed. Therefore, we cannot determine on this record whether
the trial court ordered or merely recommended restitution as a condition of parole. It
follows that we cannot conclude that the nunc pro tunc judgment does not accurately reflect
what occurred in the trial court. (1) This issue is overruled.

 Next, Underwood complains that the State's misconduct deprived him of credit on
this sentence for time spent under restraint for an unrelated offense. Underwood argues
that he is entitled to the back time credit because the State could have placed a detainer on
him, although he acknowledges that the Montgomery County District Attorney's Office did
not do so. The trial court must give the defendant credit on his sentence for the time that
the defendant has spent in jail "in said cause," from the time of arrest until sentencing. 
See Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (Vernon Supp. 2004). When a person
is confined by another jurisdiction, he is confined on "said" cause only if a detainer or jail
hold is lodged against him. Ex parte Bynum, 772 S.W.2d 113, 114 (Tex. Crim. App.
1989). Underwood concedes that no jail hold was placed on him during the time period
for which he seeks credit.


 Finally, Underwood complains that the fact that the State discovered previously
uncredited jail time proves that he received ineffective assistance of counsel at trial. The
issue of effectiveness of counsel is beyond the scope of this appeal, which is limited to the
granting of a judgment nunc pro tunc to accurately reflect jail time credit for confinement
prior to sentencing. (2) The issues raised by the appellant do not expose error requiring us
to order the trial court to vacate its judgment nunc pro tunc. We overrule the appellant's
issues.

 AFFIRMED.

 PER CURIAM

Submitted on April 19, 2004

Opinion Delivered April 28, 2004

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.






1. Underwood does not argue that the trial court could not order restitution to the
County under the restitution statute, and we do not decide that issue in this appeal. 
See Tex. Code Crim. Proc. Ann. art. 42.037 (Vernon Supp. 2004). 
2. Arguably, none of the issues raised by the appellant are within the scope of this
appeal. The Court of Criminal Appeals has acknowledged that appeal may be taken if the
trial court enters a judgment nunc pro tunc. See Moore v. State, 446 S.W.2d 878, 879
(Tex. Crim. App. 1969); see also Ex parte Curry, 712 S.W.2d 878, 880 (Tex.
App.-Austin 1986, no pet.). The Court of Criminal Appeals also recognized that a trial
court may correct the time credit on a judgment by entering a judgment nunc pro tunc. 
See Ex parte Harvey, 846 S.W.2d 328, 329 (Tex. Crim. App. 1993). But for matters
involving evidence or the exercise of discretion, the exclusive remedy for post-conviction
attacks on a judgment is through habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004).