IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0767-10






DONALD GENE BLANTON, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


KAUFMAN COUNTY





 Meyers, J., delivered the opinion of the Court in which Price,
Keasler, Hervey, Cochran, and Alcala, JJ., joined. Keller, P.J., filed a
dissenting opinion. Womack and Johnson, JJ., concurred.


O P I N I O N 



 Appellant appealed the nunc pro tunc judgment of the Kaufman County District
Court. The Fifth Court of Appeals dismissed the case for want of jurisdiction after
concluding that Appellant failed to file a timely notice of appeal. Blanton v. State, No. 05-09-00758-CR, 2010 Tex. App. LEXIS 1135, at *6-7 (Tex. App.--Dallas Feb. 18, 2010,
pet. granted) (mem. op., not designated for publication). We granted Appellant's petition
for discretionary review to determine if the court of appeals correctly dismissed the case.
We hold that Appellant timely appealed the nunc pro tunc judgment, and accordingly, we
remand the case to the court of appeals to consider the merits of Appellant's appeal. 

I. BACKGROUND

A. Trial Court History

 This appeal is based upon a nunc pro tunc judgment in cause no. 15,189 for
burglary of a habitation. (1) Prior to that charge, in April 1987, Appellant was indicted for
burglary of a building in cause no. 15,184. He entered a negotiated plea of guilty and was
placed on deferred-adjudication community supervision for five years. A few months
later, he violated the terms of his community supervision by entering a habitation with the
intent to commit theft. In July 1987, Appellant entered a plea of true at a probation-revocation hearing for the earlier offense, cause no. 15,184, and also entered a negotiated
plea in cause no. 15,189, which is the subject of this case. He was sentenced to seven
years' confinement and ordered to pay restitution for each offense. 

 In August 1988, the trial court realized that the final written judgment for cause
no. 15,189 did not include the restitution payment that had been orally ordered in open
court. The court entered the first of three nunc pro tunc judgments, adding the amount of
restitution that Appellant had been orally ordered to pay by the trial court.

 In March 2009, Appellant filed a motion for judgment nunc pro tunc in cause no.
15,189, alleging that the first nunc pro tunc judgment incorrectly entered a conviction for
burglary of a habitation, rather than for burglary of a building-which is a less serious
offense.

 As exhibits for his motion, Appellant attached the judgment and order adjudicating
him guilty in cause no. 15,184. However, the tops of the documents showing the cause
number were cut off. He also attached copies of his plea agreement and the first nunc pro
tunc judgment from cause no. 15,189. He alleged that he had been convicted of only one
burglary charge, burglary of a building, and that all of the exhibits concerned that charge.

 In response to Appellant's motion, the trial court entered a second nunc pro tunc
judgment in cause no. 15,189, which superseded the first. It changed the offense and the
degree of the conviction and modified the date of the offense from July 13, 1987, to April
26, 1987, which was the date that the first offense, cause no. 15,184, occurred.

 The State did not appeal the second nunc pro tunc judgment, but the court
discovered the issues with Appellant's exhibits and entered the third nunc pro tunc
judgment in cause no. 15,189, which is the basis for Appellant's appeal in this case. The
third nunc pro tunc judgment was entered on June 12, 2009, without a hearing, but
Appellant was notified of the order via an explanatory letter from the district clerk. 

 The third nunc pro tunc judgment was entered in cause no. 15,189 to correct the
offense from burglary of a building to burglary of a habitation and to change the degree of
the offense to a first-degree felony. The order tracked the first nunc pro tunc judgment
from cause no. 15,189, but included the date of the offense as April 26, 1987, which is the
date of the burglary of a building in cause no. 15,184, rather than July 16, 1987, which is
the date the burglary of a habitation occurred. Cause no. 15,189 is the case at issue here.

B. Appellate History

 Appellant appealed the trial court's third nunc pro tunc judgment on June 23,
2009. The trial court filed a certification with the Fifth Court of Appeals, showing that
Appellant had no right to appeal because his conviction arose from a plea bargain. 

 The Fifth Court of Appeals dismissed Appellant's appeal, holding that he failed to
timely file a notice of appeal. Blanton, 2010 Tex. App. LEXIS 1135, at *4, *6. The court
determined that Appellant's appeal was due on or before August 23, 1987, which is thirty
days after his sentence was imposed in cause no. 15,189. Id. 

 Appellant filed a petition for discretionary review, asking us to determine whether
the court of appeals correctly ruled that Rule 23.1 (2) "does not grant any additional
jurisdiction for this Court to review the June 12, 2009, nunc pro tunc proceeding."

II. NUNC PRO TUNC JUDGMENTS

 The purpose of a nunc pro tunc judgment is to provide a method for trial courts to
correct the record when there is a discrepancy between the judgment as pronounced in
court and the judgment reflected in the record. Collins v. State, 240 S.W.3d 925, 928
(Tex. Crim. App. 2007); Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980);
see Tex. R. App. P. 23.1. The corrections must reflect the judgment that was actually
rendered but that for some reason was not properly entered into the record at the time of
the judgment. Jones v. State, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990). 

 Corrections to the record are limited to clerical errors and are not appropriate for
errors involving judicial reasoning. Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App.
1988). The determination of whether an error is clerical or judicial is a matter of law, id.,
but a nunc pro tunc judgment is improper if it modifies, changes, or alters the original
judgment pronounced in court, or has the effect of making a new order. Ex parte
Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). Furthermore, nunc pro tunc
judgments may not be used by a court to change the record to reflect what the court
believes should have occurred in the original proceeding. Ex parte Dopps, 723 S.W.2d
669, 671 (Tex. Crim. App. 1986). 

III. RULES OF APPELLATE PROCEDURE

 This Court was granted rule-making authority to promulgate "rules of posttrial,
appellate, and review procedure in criminal cases," but the rules "may not abridge,
enlarge, or modify the substantive rights of a litigant." Tex. Gov't Code § 22.108(a).
The Texas Rules of Appellate Procedure were originally adopted in 1986. (3) The current
Rules of Appellate Procedure were promulgated in 1997 in order to improve the
efficiency and practice of appellate law. (4) Rule 23.1 is the current rule regarding nunc pro
tunc judgments. (5)

Impact of § 22.108(a) 

 This Court analyzed the effect of Tex. Gov't Code § 22.108(a) on the appeal of
the voluntariness of a plea bargain in Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App.
2001). A 1977 statute, enacted by the Legislature before this Court was granted rule-making authority, provided that a plea-bargain defendant did not have the right to appeal
unless certain conditions were met. Tex. Code Crim. Proc. art. 44.02, repealed in part
by Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472. (6)
In 1986, Rule of Appellate Procedure 40(b)(1) was adopted, limiting appeals only to a
"defect or error that occurred prior to the entry of the plea." Tex. R. App. P. 40(b)(1)
(1986) (repealed 1997). The rule was changed again in 1997, limiting appeals in plea-bargain cases and returning to language similar to the 1977 "statute that was its origin."
Cooper, 45 S.W.3d at 79. We determined that the statute enacted by the Legislature
prohibited appeals of the voluntariness of a guilty plea in felony cases. Id. at 81. Thus, our
rule-making authority did "not extend to enlarging the right of appeal in this fashion." Id. 

 The decision distinguished our holding in Flowers v. State, 935 S.W.2d 131 (Tex.
Crim. App. 1996), which was decided under former Rule of Appellate Procedure
40(b)(1). (7) The Flowers Court viewed the history of the appellate right to raise the
voluntariness of a guilty plea and held that "neither Rule 40(b)(1) nor this Court's
interpretation of that rule may modify, enlarge, or abridge that right." Id. at 134 (citing
Tex. Gov't Code § 22.108(a)). In Cooper, this Court noted that "ironically," the holding
in Flowers modified and enlarged the right to appeal because the 1977 statute prohibited
appeals of this sort. Cooper, 45 S.W.3d at 81. 

 Unlike the rule at issue in Cooper, a nunc pro tunc statute has never limited an
appellant's right to appeal a nunc pro tunc judgment. For example, in Ex parte Beard, 41
Tex. 234, 236, 1874 LEXIS 135 (Tex. 1874), the Supreme Court of Texas noted that "the
defendant appealed from the judgment nunc pro tunc so rendered," demonstrating an
appellant's right to appeal under the statute in effect at the time. The nunc pro tunc
statute, Code of Criminal Procedure art. 3151 (Pas. Dig.), provided: 

 Where, from any cause whatever, a verdict of conviction has been returned, and
there is a failure to enter judgment and pronounce sentence during the term, the
judgment may be entered and sentence pronounced at the next succeeding term of
the court, unless a new trial has been granted, or the judgment arrested, or an
appeal has been taken. 


The current version of the nunc pro tunc rule is quite similar: "Unless the trial court has
granted a new trial or arrested the judgment, or unless the defendant has appealed, a
failure to render judgment and pronounce sentence may be corrected at any time by the
court's doing so." Tex. R. App. P. 23.1.

IV. NUNC PRO TUNC JUDGMENT CASELAW

A. Court of Criminal Appeals 

 Prior to the adoption of the Rules of Appellate Procedure in 1986, it was apparent
from our caselaw that appellants had a right to appeal nunc pro tunc judgments. For
example, in Shaw v. State, 539 S.W.2d 887 (Tex. Crim. App. 1976), we allowed the
appellant to appeal a nunc pro tunc judgment entered by the trial court. Shaw entered a
plea of guilty and executed a waiver of appeal after sentencing. Id. at 888. He was
sentenced to one year in prison, but was out of custody on bond pending disposition of the
appeal. Id. at 889. However, the record mistakenly showed that the appellant had been
incarcerated continuously since sentencing. Id. at 890. After his appeal was denied, the
trial court ordered that Shaw be incarcerated. Id. at 889. The Texas Department of
Corrections refused to accept custody of the appellant because the record before it
erroneously indicated that he had discharged his sentence. Id. 

 The trial court conducted a hearing and entered a nunc pro tunc judgment to
correct the sentencing record with the actual amount of time credit earned by Shaw. Id.
He appealed the nunc pro tunc judgment, and we held that the trial court did not abuse its
discretion and had the right to correct the record "to reflect the truth even though the
findings might not be beneficial to the person convicted." Id. at 890. We also stated that
before any unfavorable nunc pro tunc judgments are entered against a defendant, the
person convicted must be given the opportunity to be present for a hearing and
represented by counsel to afford him due process of law. Id.

 Similarly, in Homan v. Hughes, 708 S.W.2d 449 (Tex. Crim. App. 1986), we held
that the trial court did not have the authority to refuse the applicant's request to appeal a
nunc pro tunc judgment. Id. at 452. This Court determined that the applicant was
attempting to appeal a nunc pro tunc judgment, not the underlying conviction; thus, his
appeal was not prohibited. Id. The applicant was not given the opportunity to be present at
a hearing, as required by Shaw. Id. at 451. However, we determined that, despite this
error, the trial court properly changed the order, making a hearing a "useless task." Id. at
454-55. 

 The continued validity of our pre-Rule 23.1 caselaw is shown in Jones, 795
S.W.2d at 203, a 1990 case, in which we held that the date of the conviction is the date of
the original judgment, not the date a nunc pro tunc judgment is entered. The decision
came after the adoption of the Rules of Appellate Procedure in 1986 (under former Rule
36(a)), but before the current revisions, which did not make substantive changes. Tex. R.
App. P. 23 (West 2012). We maintained that it was apparent from the sense of the
language of the 1986 nunc pro tunc rule "that the rule was meant to be coextensive with
former statutes on the same subject." Jones, 795 S.W.2d at 201. Accordingly, our body of
caselaw construing the nunc pro tunc statutes should have "continued vitality" under the
current version of the nunc pro tunc rule because the language of the rule did not change
substantially. See id. 

 Although we have allowed appeals of nunc pro tunc judgments in the past, we
have not directly addressed the availability of a defendant's appeal of a nunc pro tunc
judgment since the 1986 adoption of the Rules of Appellate Procedure. (8)

B. Courts of Appeals

 Courts of appeals have inconsistently applied the nunc pro tunc rule, which
necessitates our review of this case. For example, the Third Court of Appeals relied on
our body of caselaw prior to the adoption of the Rules of Appellate Procedure to support
an appellant's right to appeal a nunc pro tunc judgment. Ex parte Curry, 712 S.W.2d 878
(Tex. App.--Austin 1986, no pet.). The appellant was convicted of voluntary
manslaughter and sentenced to prison for five years. Id. at 879. She waived her right to
appeal the conviction and surrendered herself to the Department of Corrections. Id. at
879. After her release on parole, the State filed a motion for entry of a nunc pro tunc
judgment, alleging that the jury had affirmatively found that the appellant had used a
deadly weapon during the commission of the manslaughter, which would make her
ineligible for parole. Id. The trial court entered the nunc pro tunc judgment and ordered
that the appellant return to custody. Id. She appealed the entry of the nunc pro tunc
judgment and filed an application for a writ of habeas corpus to request that she be
allowed to post bond. Id. at 879-80.

 The Third Court of Appeals examined whether the appellant had a right to appeal
the nunc pro tunc judgment. Id. at 880. Relying primarily on our reasoning in Shaw v.
State, 539 S.W.2d 887, the Curry court determined that, although the appellant had
waived her right to appeal the original conviction, this waiver did not affect her right to
appeal the nunc pro tunc judgment. Curry, 712 S.W.2d at 880-81. The court
acknowledged that the legal effect of a nunc pro tunc judgment relates back to the date of
the original conviction. Id. at 880 (citing Alvarez v. State, 605 S.W.2d 615). Nevertheless,
the Third Court of Appeals held that, under Shaw, the appellant's right to appeal a nunc
pro tunc judgment cannot be abridged by events, such as the waiver of appeal, that took
place before the order was entered. Id.

 Here, the Fifth Court of Appeals came to a different conclusion.

V. APPLICATION

A. Court of Appeals's Holding

 On June 23, 2009, Appellant filed a notice of appeal of the third nunc pro tunc
judgment, which was entered on June 12, 2009. The Fifth Court of Appeals ruled that it
did not have jurisdiction because his notice of appeal was due on or before August 23,
1987, thirty days from the date that his sentence was imposed in open court on the
burglary of a habitation case. Blanton, 2010 Tex. App. LEXIS 1135, at *6. The court of
appeals rejected Appellant's argument that the court had jurisdiction over the appeal
under Texas Rule of Appellate Procedure 23.1, because he was attempting to correct an
error in the trial court's 1988 nunc pro tunc judgment. Id. at *4. The court of appeals did
not address Appellant's contention that Rule 25.2, (9) which describes a defendant's right to
appeal, did not apply to his appeal because he was challenging the validity of the nunc
pro tunc judgment, rather than the underlying conviction. Id. at *5.

 The Fifth Court of Appeals relied on Rodarte, 860 S.W.2d 108, 109-10 (Tex.
Crim. App. 1993), which involved the time limits imposed by the former version of Rule
26.2(a)(1). (10) Blanton, 2010 Tex. App. LEXIS 1135, at *4-7. In Rodarte, the appellant
filed his appeal thirty-one days after the judgment was imposed in open court, and thirty
days after the judgment was signed. Id. at 108-09. We determined that the starting point
for calculating the timeliness of an appeal of a conviction begins on the day that the
sentence is imposed in open court. Id. at 109-10. The court of appeals determined that
Rodarte provided the basis for dismissal for want of jurisdiction because Appellant's
notice of appeal was filed more than twenty-one years after his sentence was imposed in
open court. 

B. Appellate Jurisdiction

 Appellant argues that the court of appeals had "regular jurisdiction" to review his
appeal under Article 44.02, (11) which addresses a defendant's right to appeal, because each
nunc pro tunc judgment constitutes a separate, appealable order. The State counters that
Rule 23.1, describing nunc pro tunc judgments, does not provide jurisdiction because our
holding in Abbott, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008), requires statutory
authorization for direct appeal, and the plain words of Rule 23.1 do not include a right to
appeal. 

 The standard to determine whether an appellate court has jurisdiction to hear and
determine a case "is not whether the appeal is precluded by law, but whether the appeal is
authorized by law." Id. (citing Tex. Const. art. V, § 6(a)). The Rules of Appellate
Procedure do not determine the jurisdiction of the courts of appeals; rather, they provide
procedures that litigants must follow in order to invoke the jurisdiction of the courts of
appeals. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). 

 A timely notice of appeal is necessary to invoke appellate jurisdiction. Shute v.
State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). In criminal cases, a defendant's notice
of appeal is timely if it is filed "within 30 days after the day sentence is imposed or
suspended in open court, or after the day the trial court enters an appealable order." Tex.
R. App. P. 26.2(a)(1).

 In Abbott, a new punishment hearing was ordered in the appellant's case after an
appeal. Id. at 695. Abbott was placed on community supervision with the requirement that
he first remain in custody for 180 days. Id. He filed a motion seeking time credit for the
180 days he served under his prior sentence. Id. The trial court denied his motion, and he
appealed. Id. at 696. We determined that the court of appeals should have dismissed the
appeal for lack of jurisdiction because the appeal was not authorized by law. Id. at 697.
We cited Article 44.02 and Rule 25.2(a)(2) to note that an appellant has the right to
appeal in every case in which the trial court enters a judgment of guilt or an appealable
order. Id. However, we held that no constitutional or statutory provisions authorized an
appeal of the trial court's post-judgment order denying the appellant's motion for time
credit. Id. (12) 

 Decisions by this Court based on statutes have consistently recognized an
appellant's right to appeal a nunc pro tunc judgment, indicating that nunc pro tunc
judgments are appealable orders. See Homan v. Hughes, 708 S.W.2d 449; Shaw v. State,
539 S.W.2d 887; Moore v. State, 446 S.W.2d 879 (Tex. Crim. App. 1969); Ferguson v.
State, 367 S.W.2d 695 (Tex. Crim. App. 1963); Johnston v. State, 169 Tex. Crim. 79, 323
S.W.2d 449 (1959); Cunningham v. State, 167 Tex. Crim. 641, 322 S.W.2d 538 (1959);
Ex parte Beard, 41 Tex. 234. (13) Furthermore, we continued to authorize jurisdiction for
appeals of nunc pro tunc judgments after the first adoption of the Rules of Appellate
Procedure. See Jones v. State, 795 S.W.2d 199.

 The State argues that the lack of statutory authorization shows that nunc pro tunc
judgments are not appealable. This conclusion would alter the rights of appellants, who
had the right to appeal nunc pro tunc judgments before the adoption of the Rules of
Appellate Procedure. The focus of the nunc pro tunc statutes has been on the power of the
trial court to enter a nunc pro tunc judgment, not the power of an appellate court to
review that judgment. (14)

 The dissent disputes the right to appeal nunc pro tunc judgments based on a lack of
statutory authorization. Presiding Judge Keller distinguishes the appealability of nunc pro
tunc judgments, focusing on cases in which the original judgment was invalid but
corrected by a nunc pro tunc judgment. The dissent justifies the appeal of nunc pro tunc
judgments in those situations, but dismisses the right to appeal nunc pro tunc judgments
made to correct clerical errors, ignoring the recognized purpose of nunc pro tunc
judgments. This distinction does not hold up given that there was no statutory
authorization for the appeal of the nunc pro tunc judgment in the invalid judgment cases
relied upon by the dissent, yet appeal was allowed in those instances. The dissent also
contends that Appellant could file an application for writ of habeas corpus. Habeas corpus
relief is an extraordinary remedy, and should be reserved for cases in which no other
remedy is available. Here, there is a judicially-recognized legal remedy available-appeal. 

 The Texas Legislature did nothing to call our interpretation of the various nunc pro
tunc statutes into question before the adoption of the Rules of Appellate Procedure,
indicating its endorsement of appellate jurisdiction. As we stated in Jones, "It is apparent
from the sense of this language that [the first version of the nunc pro tunc rule that was
created by this Court] was meant to be coextensive with former statutes on the same
subject." 795 S.W.2d at 201 (comparing the 1986 nunc pro tunc rule to the prior statute,
article 42.06). Rule 23.1 does not expressly provide for the appeal of nunc pro tunc
judgments, but our caselaw and Legislative acceptance has provided that right. (15) Because
this Court is prohibited from modifying or abridging the substantive rights of litigants, we
may not hold that an appellant may no longer appeal nunc pro tunc judgments. Therefore,
nunc pro tunc judgments are still appealable orders. 

C. Timeliness of Appeal

 Rule 26.2 requires that a criminal defendant's notice of appeal be filed within
thirty days after the day that sentence is imposed or suspended in open court, or "after the
day the trial court enters an appealable order." Tex. R. App. P. 26.2(a)(1). Although
Appellant's original sentence was imposed in 1987, the third nunc pro tunc judgment was
not ordered by the trial court until June 12, 2009. Because nunc pro tunc judgments are
appealable orders, the thirty-day filing period started the following day. His appeal
applies only to issues arising from the entry of the third nunc pro tunc judgment; it is not
an appeal of the conviction or the validity of the plea bargain. 

 Appellant filed notice of appeal of the third nunc pro tunc judgment on June 23,
2009, which was within the thirty days allowed by Rule 26.2(a)(1). The Court of Appeals
should not have dismissed Appellant's appeal based on the timeliness of his filing. We
conclude that the Court of Appeals had jurisdiction to consider the merits of Appellant's
appeal. 

D. Effect of Plea Bargain

 The State contends that Appellant had no right to appeal because Appellant signed
a plea bargain, and the trial court certified that Appellant had "NO right of appeal." Rule
25.2(a)(2)(A-B) provides that a defendant in a plea bargain case may appeal only "those
matters that were raised by written motion filed and ruled on before trial, or after getting
the trial court's permission to appeal." Furthermore, an appeal must be dismissed if the
certification showing the defendant's right to appeal is not part of the record. Tex. R.
App. P. 25.2(d).

 The court of appeals did not address Appellant's appeal rights under Rule 25.2
because it dismissed the appeal for untimely notice. Blanton, 2010 Tex. App. LEXIS
1135, *5. In his supplemental briefs to the court of appeals, Appellant contended that
Rule 25.2 did not apply to his appeal because his claim contesting the nunc pro tunc
judgment was unrelated to a claim regarding the propriety of his conviction. Id. 

 Because the court of appeals did not address the certification issue, we remand to
the court of appeals to consider the merits of Appellant's right to appeal the June 12, 2009
nunc pro tunc judgment.

VI. CONCLUSION

 A nunc pro tunc judgment is an appealable order under Article 44.02 if the appeal
is timely filed. Because Appellant filed his appeal within the time limits of Rule 26.2, the
Fifth Court of Appeals has jurisdiction to consider the merits of Appellant's appeal.
Therefore, we reverse the judgment of the court of appeals and remand to the court of
appeals to consider the merits of Appellant's appeal. 

 

 Meyers, J.

Filed: June 27, 2012

Publish
1. Tex. Penal Code § 30.02:


 (c) Except as provided in Subsection (d), an offense under this section is a:

 (1) state jail felony if committed in a building other than a habitation; or

 (2) felony of the second degree if committed in a habitation.


 (d) An offense under this section is a felony of the first degree if:

 (1) the premises are a habitation; and

 (2) any party to the offense entered the habitation with intent to commit a
felony other than felony theft or committed or attempted to commit a
felony other than felony theft.
2. Rule of Appellate Procedure 23.1 states: 


 Unless the trial court has granted a new trial or arrested the judgment, or unless
the defendant has appealed, a failure to render judgment and pronounce sentence
may be corrected at any time by the court's doing so.
3. Nathan L. Hecht & E. Lee Parsley, Procedural Reform: Whence and Whither, in
Matthew Bender C.L.E., Practicing Law Under the New Rules of Appellate
Procedure 1-12 at § 1.02(b) & (c) (Nov. 1997), available at
http://www.supreme.courts.state.tx.us/rules/tdr/history.htm. 
4. Id. at § 1.02(c).
5. Unless otherwise indicated, all references to Rules refer to the Texas Rules of Appellate
Procedure.
6. Former article 44.02 of the Code of Criminal Procedure read, in pertinent part:


 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed; provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the court
and the court, upon the election of the defendant, assesses punishment and the
punishment does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which have been raised
by written motion filed prior to trial. 
7. "The holding of Flowers could be justified by the language of former Rule 40(b)(1),
which specifically limited only appeals of a 'defect or error that occurred prior to the entry of the
plea.' Because the defect or error of an involuntary plea of guilty occurs at the entry of the plea,
not before, the former rule did not seem to apply to an appeal of voluntariness. But, despite its
language, the former rule had been construed to apply to an appeal of 'any matter in the case,'
regardless of whether the matters were 'defects or errors that occur before or after the entry of the
plea.'" Cooper, 45 S.W.3d at 79 n.3 (citing Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.
1994)). 
8. This Court recently held that the State may appeal a nunc pro tunc judgment through
Code of Criminal Procedure Article 44.01. Collins v. State, 240 S.W.3d 925 (Tex. Crim. App.
2007).
9. Rule 25.2(a)(2) reads:


 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal each time it enters a judgment of guilt or other
appealable order. In a plea bargain case-that is, a case in which a defendant's plea
was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant-a defendant may
appeal only: 

 
(A) those matters that were raised by written motion filed and ruled on before
trial, or
(B) after getting the trial court's permission to appeal.
10. Tex. R. App. P. 41(b)(1):


 Time to perfect Appeal. Appeal is perfected when notice of appeal is filed within
thirty (fifteen by the State) days after the sentence is imposed or suspended in
open court or the day an appealable order is signed by the trial judge; except, if a
motion for new trial is filed, notice of appeal shall be filed within ninety days after
the sentence is imposed or suspended in open court.
11. Code of Criminal Procedure Article 44.02 provides:


 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the court
and the court, upon the election of the defendant, assesses punishment and the
punishment does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which have been raised
by written motion filed prior to trial. This article in no way affects appeals
pursuant to Article 44.17 of this chapter.
12. The concurring opinion observed that had the appellant timely appealed the trial court's
judgment that placed him on community supervision, he would have had a valid claim to
challenge the requirement that he serve 180 days without receiving time credit for the days he
already spent in jail. Id. at 697-98 (Holcomb, J., concurring). Instead, the appellant appealed the
post-judgment order denying his motion, which was not authorized by law.
13. See discussion supra Part IV.A.
14. See e.g., Tex. Code Crim. Proc. Ann. art. 42.06, which provided in part: 


 "If there is a failure from any cause whatever to enter judgment and pronounce
sentence, the judgment may be entered and sentence pronounced at any
subsequent time, unless a new trial has been granted, or the judgment arrested, or
an appeal has been taken."
15. Notably, Rule 23.1 is located within Section Two of the Rules of Appellate Procedure,
aptly entitled "Appeals From Trial Court Judgments and Orders."