**Alvis L. SHAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51701.**

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

---

1. Now Article 18.06(a), V.A.C.C.P., effective January 1, 1974.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from the trial court's order correcting appellant's sentence which was executed as a result of his conviction for the subsequent offense of driving while intoxicated. His punishment was assessed at confinement for one year in the Texas Department of Corrections. We shall treat this as an appeal from a nunc pro tunc order. See Article 42.06, V.A.C.C.P.; *Kazmir v. State*, 438 S.W.2d 911 (Tex.Cr.App. 1969).

The record is before us without a transcription of the court reporter's notes. No brief has been filed in behalf of appellant.

Appellant entered a plea of guilty to the court. On November 27, 1974, he was sentenced. The court ordered that the sentence "shall begin to run from and after the 17th day of September, 1974, the date the defendant was placed in jail in this cause." After he was sentenced, appellant executed a "waiver of the right to appeal" which acknowledged that he had been advised of his right to appeal and if indigent to have counsel appointed to represent him on appeal.

The record reflects that appellant was transported to the Texas Department of

Corrections by ambulance on June 5, 1975. The Department reviewed copies of the commitment papers and ascertained that, as a result of their computations of appellant's jail time and "good time" credit received under Article 6184*l*, V.A.C.S., appellant had already discharged his sentence and, therefore, the Texas Department of Corrections would not accept custody of the appellant.[1]

He was apparently returned to Parker County and has been out of custody since that time on a $1,000.00 bond pending disposition of this case. The State filed a motion with the trial court asking that appellant be resentenced. Appellant's counsel filed an objection to such a procedure on the grounds that there was no authority to conduct a second sentencing hearing. On July 25, 1975, the trial court conducted a hearing and made findings as follows:

"Whereupon, after hearing evidence and the argument of counsel, . . . and the court finding that the defendant had nothing to present which would constitute a legal bar to sentencing and the court finding that the defendant should again be sentenced in accordance with the judgment rendered November 27, 1974, *in order to correctly reflect the beginning time and/or credit to be given defendant against said sentence*, and the court having found that immediately after sentence was pronounced November 27, 1974, the defendant, upon his request, *was released by the sheriff and was not again incarcerated, except a portion of one day, between said date of November 27, 1974, and June 5, 1975*; . . . *and that since date, the defendant has not been in custody or incarcerated by any person or institution in connection with this cause*; that the defendant has been incarcerated in connection with this cause, both prior to trial and subsequent thereto, for a total of 73 days; . . ."

After this hearing, appellant gave notice of appeal and filed a pauper's oath claiming that he was "unable to pay for the record on appeal." The trial court set the hearing to determine the question of indigency for August 18, 1975. Appellant did not appear for the hearing. The trial court entered an order finding: "after appellant failed to appear for hearing on the above application (for permission to proceed as an indigent) and it appearing that defendant is not entitled to relief prayed for, motion is denied."

Did the trial court have authority to make the record speak the truth? is the question. There is no claim that appellant has been denied his right to appeal from the original conviction.

The question of indigency was raised and the trial court set a hearing to determine if the appellant was an indigent and therefore entitled to a free record and the appointment of counsel for an appeal from the nunc pro tunc order. See *Simmons v. State*, 511 S.W.2d 308 (Tex.Cr.App.1975); *Sowell v. State*, 505 S.W.2d 877 (Tex.Cr.App.1974); *Williams v. State*, 530 S.W.2d 582 (Tex.Cr.App.1975).

The record reflects that on the date of this hearing the appellant failed to appear and failed to present evidence concerning his indigency. There has been no attempt to show why he did not appear. Under these circumstances such a failure to appear constitutes a waiver of any complaint as to appellant's status as an indigent. See *Foley v. State*, 514 S.W.2d 449 (Tex.Cr.App.1975). Appellant, even though represented by retained counsel, has not challenged in any way the corrections of the trial court's ruling on appellant's status

---

1. In determining when an inmate's sentence is to begin, the officials of the Texas Department of Corrections review the commitment papers filed with the judgment and sentence. The papers recited that the sentence was to begin September 17, 1974, and there was no indication in any of the commitment papers that appellant had been out of custody since that time. There was no indication from the commitment papers that petitioner received a bad conduct rating in the Parker County Jail while incarcerated there. Under these circumstances, the Texas Department of Corrections appropriately accorded appellant with his flat time credit beginning as of September 17, 1974, and additionally gave him credit for "good time" during that period as required by Article 42.-03(4), V.A.C.C.P.

**890**

as an indigent. Where no objection to the trial court's findings have been made, and no evidence or claim of evidence contrary to such findings has been shown, this Court will presume that such findings on the question of indigency are correct. See *Barrow v. State*, 502 S.W.2d 162 (Tex.Cr.App. 1974). No abuse of discretion is shown.

The record shows that appellant, at his request, was not in custody after the date he was sentenced. The trial court's findings of fact show that appellant was incarcerated for only 73 days; i. e., from September 17, 1974, until November 27, 1974, and at his request he was released from custody after that date and was not reincarcerated until June 5, 1975, the date that he was transported to Huntsville.[2] The Texas Department of Corrections, on the record before it, considered appellant to have been incarcerated continuously from September 17, 1974. The trial court has the authority to make corrections in the record to show the truth of what actually occurred in the case. See Article 42.06, V.A.C.C.P.; *Chaney v. State*, 494 S.W.2d 813 (Tex.Cr. App.1973); *Cazares v. State*, 488 S.W.2d 455 (Tex.Cr.App.1972).

This Court has previously held that, where a defendant has been denied credit for jail time to which he is entitled, the trial court may enter appropriate nunc pro tunc orders authorizing credit for the appropriate time. See *Valdez v. State*, 479 S.W.2d 927 (Tex.Cr.App.1972); *Ex parte Griffith*, 457 S.W.2d 60 (Tex.Cr.App.1970). See also *Wagoner v. State*, 434 S.W.2d 868 (Tex.Cr. App.1968).

We hold that the trial court has the right to correct the records to reflect the truth even though the findings might not be beneficial to the person convicted. Before any unfavorable nunc pro tunc or-

ders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law. See and compare *Ex parte Brown*, 477 S.W.2d 552 (Tex.Cr.App.1972); *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App. 1975); *Cooper v. State*, 527 S.W.2d 898 (Tex.Cr.App.1975); *Melvin v. State*, 471 S.W.2d 853 (Tex.Cr.App.1972).

We hold that the trial court did not abuse its discretion in entering the nunc pro tunc order.

There being no reversible error, the order of the trial court correcting appellant's sentence to show the actual amount of time credit earned is affirmed.[3]

**2.** Another question would have been presented had he not requested to be released. See *Ex parte Downey* (Tex.Cr.App.), 471 S.W.2d 576; *Ex parte Morgan*, 159 Tex.Cr.R. 241, 262 S.W.2d 728 and *Ex parte Griffin*, 158 Tex.Cr.R. 570, 258 S.W.2d 324. See also *Ex parte Moneyhun*, 161 Tex.Cr.R. 19, 274 S.W.2d 546; *Ex parte Francis* (Tex.Cr.App.), 510 S.W.2d 345, and *Ex parte Williams*, 164 Tex.Cr.R. 568, 301 S.W.2d 84.

**3.** A copy of this opinion shall be delivered to the Texas Department of Corrections.