# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00285-CR
## NO. 03-10-00286-CR

**Cody Harold Fragel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NOS. 65299 & 65300, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In two causes, appellant Cody Harold Fragel pleaded guilty to the offense of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2003). Punishment was assessed at ten years' imprisonment in cause number 65299 and twelve years' imprisonment in cause number 65300. Additionally, in cause number 65300, the district court ordered Fragel to pay $945.00 in court-appointed attorney's fees. In two issues on appeal, Fragel asserts that (1) the district court erred in failing to award him the appropriate amount of credit for time spent in jail prior to his conviction and (2) there was insufficient evidence to order Fragel to pay court-appointed attorney's fees. We will affirm the judgment in cause number 65299. We will modify the judgment in cause number 65300 to delete that portion of the judgment requiring Fragel to pay attorney's fees and, as modified, affirm.

The State alleged that Fragel robbed a Subway store in Killeen on two separate occasions on July 26 and August 9, 2009. The State further alleged that during each robbery, Fragel used and exhibited a deadly weapon, namely a knife. The only document in the record providing details of the robberies and the events leading to Fragel's apprehension is an "affidavit of arrest" prepared by the arresting officer.[1] According to the affidavit, Fragel was arrested on August 14 for what appears to be an unrelated offense.[2] At that time, the arresting officers observed that Fragel "appeared very similar to the description of the suspect in the Subway robbery." A photo lineup was prepared and shown to the two clerks who were working at the store during the robberies. Both victims identified Fragel as the man who had robbed them. An officer interviewed Fragel on August 20. At that time, according to the officer, Fragel admitted to committing the robberies. The arrest affidavit was signed by the officer on August 21, and Fragel was brought before the magistrate for his initial hearing on August 22.

On April 5, 2010, Fragel pleaded guilty to both robberies. On April 8, the district court assessed the punishment noted above and sentenced Fragel accordingly. During its oral pronouncement of the sentence, the district court stated, "I will give you credit for the days

---

[1] The record in each cause contains a different arrest affidavit. Although each affidavit recites different facts corresponding to each robbery, they are identical in many respects. For convenience, we will refer to the affidavit in cause number 65299, as that affidavit was filed first.

[2] The arrest affidavit does not specify the offense for which Fragel was arrested on this date. We note that in addition to the robberies, Fragel was also charged with the offense of criminal mischief, which was alleged to have occurred on July 19, 2009. Fragel pleaded guilty to this offense at the same time he pleaded guilty to the robberies. The criminal-mischief cause, however, was not appealed, and no appellate record of that conviction has been provided. As a result, we cannot determine whether this was the offense for which Fragel was arrested on August 14. However, there is no indication in the record that the August 14 arrest was for the robbery offenses, and Fragel does not contend otherwise.

you have served . . . ." The district court did not announce on the record the specific number of days it was crediting to Fragel, and no further discussion of jail-time credit appears in the record. However, on the same day sentence was pronounced, Fragel filed a written request for credit of 230 days beginning on August 2, 2009 and ending on April 8, 2010. The original judgment of conviction reflects those dates.

The district court subsequently entered a judgment nunc pro tunc amending the judgment to reflect jail-time credit beginning on August 22, 2009. The ending date is unchanged. In his first issue, Fragel asserts that he was entitled to receive the amount of jail-time credit specified in the original judgment and that "there is no evidence in the record to support the nunc pro tunc order." We disagree.

"In all criminal cases, the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent in jail for the case, other than confinement served as a condition of community supervision, *from the time of his arrest and confinement* until his sentence by the trial court." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2010) (emphasis added). The trial court cannot, however, give credit for time not spent in custody. *Ex parte Hayward*, 711 S.W.2d 652, 656 (Tex. Crim. App. 1986); *see also Ex parte Harvey*, 846 S.W.2d 328, 329 (Tex. Crim. App. 1993) (jail time credited by trial court may not exceed time between date of commission of offense and imposition of sentence).

"A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered." *Collins v. State*, 240 S.W.3d

3

925, 928 (Tex. Crim. App. 2007).  Credit for time served is an element of the judgment.  *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(18) (West Supp. 2010).  Thus, "where a defendant has been denied credit for jail time to which he is entitled, the trial court may enter appropriate nunc pro tunc orders authorizing credit for the appropriate time."  *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976).  Conversely, when a defendant has been given credit for time not spent in custody to which he is not entitled, "the trial court has the authority to make corrections in the records to show the truth of what actually occurred in the case," i.e., the actual time the defendant spent in jail prior to his sentence.  *Id.*

The judgment that was actually rendered in this case, as pronounced by the district court during sentencing, was that Fragel receive "credit for the days [he] served."  However, the starting date reflected on the original written judgment of conviction does not conform to the time Fragel served.  There is nothing in the record to suggest that Fragel's arrest and confinement for the robbery offenses began on August 2, 2009.[3]  In fact, one of the robberies for which Fragel was charged was not committed until August 9.  Although the other robbery was committed on July 26, it is undisputed that Fragel was not questioned concerning either robbery until August 20, the first affidavit for his arrest was not signed until August 21, and he was not taken into custody and brought before the magistrate for his initial hearing until August 22.  This date corresponds to the starting date reflected in the judgment nunc pro tunc entered by the district court.  Thus, according to the

---

[3] Fragel characterizes his request for jail time credit as "evidence" of his entitlement to the credit specified in the request.  It is not.  As the State observes, "it is merely a request and not proof of time served."  Fragel attached no supporting documentation to his request, nor did he explain in his request the factual or legal basis for the August 2 starting date.  Nor has he done so on appeal.

record before us, the jail-time credit specified in the judgment nunc pro tunc conforms to the time Fragel actually served prior to his sentence. Accordingly, we conclude that the district court's entry of the judgment nunc pro tunc was proper. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (holding that when trial court fails to award appropriate pre-sentence jail time credit at time sentence is imposed, "the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so"); *see also* Tex. R. App. P. 23.2. We overrule Fragel's first issue.[4]

In his second issue, Fragel argues that the evidence was insufficient to support the district court's order for Fragel to pay court-appointed attorney's fees in cause number 65300. The State concedes that the evidence was insufficient. Having reviewed the record, we agree.

---

[4] As an alternative to reversing the district court's judgment nunc pro tunc and thereby reinstating the starting date specified in the original written judgment, Fragel asks us to "remand this case back to the trial court to determine the proper back-time credit to which Appellant is entitled." The court of criminal appeals has previously stated that "[b]efore any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law." *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976). However, subsequent to *Shaw*, the court of criminal appeals has explained that no remand is necessary if the trial court's entry of the nunc pro tunc order was proper. *See Homan v. Hughes*, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986). This is because "the outcome would not change" upon remand and such a hearing would be a "useless task." *Id*. Having concluded that the district court's entry of the judgment nunc pro tunc was proper, we need not remand the case. *See id*.; *Lancaster v. State*, 324 S.W.3d 217, 228 (Tex. App.—Waco 2010, pet. ref'd); *see also Carter v. State*, No. 03-09-00211-CR, 2009 Tex. App. LEXIS 9265, at *2 (Tex. App.—Austin Dec. 3, 2009, no pet.) (mem. op., not designated for publication) (declining to remand case for re-calculation of jail-time credit because "[t]he time credit awarded in the judgment has not been shown to be incorrect, nor has appellant shown any reason to remand this cause to the district court").

5

A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Thus, we review a trial court's order that the defendant pay court-appointed attorney's fees for sufficiency of the evidence. *Id*. "Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict." *Id*. at 557. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *See id*.

The financial questionnaire filed by Fragel in these causes reflects that he was unemployed, had no income, and owned no property at the initiation of these proceedings. Counsel was subsequently appointed to represent Fragel during the proceedings, which indicates that Fragel was determined by the district court to be indigent. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010). As the State concedes, there is no evidence in the record tending to show that there has been any material change to Fragel's financial circumstances subsequent to him being found indigent. In fact, counsel has been appointed to represent Fragel on appeal, which indicates that the district court still considers him to be indigent.

We sustain Fragel's second issue.

We affirm the district court's judgment in cause number 65299. We modify the judgment in cause number 65300 to delete that portion of the judgment requiring Fragel to pay attorney's fees of $945.00 and, as modified, affirm.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

03-10-00285-CR      Affirmed

03-10-00286-CR      Modified and, as Modified, Affirmed

Filed: March 31, 2011

Do Not Publish

7