In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00335-CR
_____

IN RE MICHAEL HANCOCK

_____

Original Proceeding
75th District Court of Liberty County, Texas
Trial Cause Nos. CR28749, CR28750

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Michael Hancock complains that the trial court signed judgments nunc pro tunc without Hancock being personally present for the hearing,[1] and that the trial court subsequently failed to grant Hancock's request that a bench warrant issue so that his thumbprint can be added to the judgments nunc pro tunc in a new proceeding conducted in open court with counsel and the defendant present. *See* Tex. Code Crim. Proc. Ann. arts. 38.33 (West 2005); 42.01, § 1(23) (West Supp. 2014); *but see Porter v. State*, 757

---

[1]Hancock's trial counsel represented him in the proceedings on the entry of the judgments nunc pro tunc.

1

S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.) (non-compliance with article 42.01 does not render the conviction void). Hancock contends the trial court's decision to reduce the assessment of attorney's fees in the judgments reflected a judicial error not correctable through judgments nunc pro tunc.

"Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law." *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976). Hancock has not shown that the judgments nunc pro tunc were unfavorable to him. *See id.* Furthermore, an appellate court need not order a trial court to conduct a hearing to reconsider entry of an *ex parte* but otherwise properly entered judgment nunc pro tunc. *Homan v. Hughes*, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986). We deny mandamus relief.

PETITION DENIED.

PER CURIAM

Submitted on September 8, 2015
Opinion Delivered September 9, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.