

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,011-02

### EX PARTE JASON TODD UNDERHILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 706345-A IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to five years' imprisonment. He did not appeal his conviction. This sentence has discharged, but Applicant alleges sufficient collateral consequences to invoke this Court's habeas jurisdiction.

Applicant contends that his due process rights were violated when the trial court entered a judgment nunc pro tunc over twenty years after the original judgment without giving him notice of the hearing to enter the judgment.

Both the State and the trial court agree that Applicant was never given notice of the hearing, nor was he given representation or a chance to appear and contest the entry of that judgment nunc pro tunc. "Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law." *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976).

The trial court finds that Applicant's due process rights were violated because he was not provided an opportunity to be present for the nunc pro tunc hearing. We agree.

Relief is granted. The judgment nunc pro tunc in Cause No. 706345 in the 185th District Court of Harris County is set aside, and the original judgment is reinstated.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 8, 2019
Do not publish