

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-61,215-07

### EX PARTE ROHN M. WEATHERLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-011129-1380491-B IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Today, the Court grants Applicant relief in the form of vacating a *nunc pro tunc*
judgment that the convicting court entered because the court failed to give Applicant notice
prior to entering the *nunc pro tunc* judgment. In my opinion, because Applicant may have
been denied a meaningful right to appeal the entry of the *nunc pro tunc* judgment, we should
not vacate the *nunc pro tunc* judgment altogether.

On October 29, 2015, Applicant pled guilty to unlawful restraint. On January 15,
2016, Applicant was sentenced to fifteen years' confinement, and the judgment stated that
"Sex Offender Registration Requirements do not apply to the Defendant." On July 18, 2017,
without providing notice to Applicant, the court entered a *nunc pro tunc* judgment changing

the original judgment to say "Sex Offender Registration Requirements *do* apply to the Defendant" (emphasis added). A copy of the *nunc pro tunc* judgment was sent to Applicant on July 18, 2017, but it is unclear when Applicant actually received that copy, or if he knew he could appeal the judgment. Applicant signed the present application for a writ of habeas corpus on August 22, 2017, and it was filed August 29, 2017.

A trial court may enter a *nunc pro tunc* judgment to correct a clerical error when the original judgment does not reflect the judgment the court actually rendered. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). A *nunc pro tunc* judgment is not the appropriate means to correct judicial error or to change the record to reflect what the court believes should have been done. *Id* at 898; *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). When entering a *nunc pro tunc* judgment that is unfavorable to the defendant, a trial court must give the defendant notice of the court's intent to enter the judgment. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976); *Blanton*, 369 W.S.3d at 900. Failing to give a defendant notice in such situations is a violation of a defendant's due process rights. *Shaw*, 539 S.W.2d at 890. Additionally, a judgment *nunc pro tunc* is an appealable order, *Blanton*, 369 S.W.3d at 904, and a defendant must file a notice of appeal within thirty days of a trial court entering an appealable order. TEX. R. APP. P. 26.2(a)(1).

The convicting court's own findings of fact make clear that it did not provide notice to Applicant before entering the unfavorable *nunc pro tunc* judgment. The record does not reflect, however, whether Applicant received a copy of the *nunc pro tunc* judgment within

the thirty day window to file a notice of appeal.[1] Nor does the record reflect whether Applicant knew an appeal was available following the entry of the *nunc pro tunc* judgment.[2]

It might be the case that Applicant did actually receive notice of the entry of the *nunc pro tunc* judgment within the time frame to file a notice of appeal. Nothing in the record affirmatively suggests that he did not. The convicting court for its part found that "Applicant was aware of the *nunc* judgment in time to timely file an appeal"—a finding that appears to be based on the notation in the record that a copy of the judgment was sent to Applicant. Under these facts, we might say that an applicant loses his ability to attack the entry of a *nunc pro tunc* judgment in a writ of habeas corpus when he failed to challenge it on direct appeal. We might also say this is true even if the applicant was unaware of his right to challenge the entry of an adverse *nunc pro tunc* judgment on direct appeal. But we might alternatively conclude that it is unreasonable to require a *pro se* litigant to know that the entry of a *nunc pro tunc* judgment is an appealable order and that a notice of appeal must be filed within thirty days of the entry of the judgment. But whatever the resolution of those facts and

---

[1] Because thirty days from July 18, 2017 is August 17, 2017—a Saturday—the deadline extended to the following Monday, August 19, 2017. TEX. R. APP. P. 4.1(a). Applicant filed the present writ application on August 22, 2017.

[2] We have previously—albeit in an unpublished opinion with no precedential value—granted an out of time appeal of the entry of a *nunc pro tunc* judgment when the applicant was denied a meaningful right to appeal. *See Ex parte Tutson*, No. WR-83,264-03, 2018 WL 7463196 (Tex. Crim. App. Dec. 19, 2018) (not designated for publication). In *Ex parte Underhill*, No. WR-89,011-02, 2019 WL 2017300 (Tex. Crim. App. May 8, 2019) (not designated for publication), on the other hand, the Court took the same path that it follows today. When we are faced with the facts found in these cases, our approach to resolving them should be consistent.

questions might be, the one thing this Court should not do today, in my opinion, is vacate the entry of the judgment *nunc pro tunc*, especially if Applicant may have forfeited his right to challenge the judgment on direct appeal.

For these reasons, I respectfully dissent.

FILED:      September 11, 2019
DO NOT PUBLISH