

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-61,215-07

### EX PARTE ROHN M. WEATHERLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-011129-1380491-B IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*. KEASLER, J., concurred. YEARY, J., filed a dissenting opinion. SLAUGHTER, J., dissented.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful restraint and sentenced to fifteen years' imprisonment. The Second Court of Appeals affirmed his conviction. *Weatherly v. State*, No. 02-16-00027-CR (Tex. App.—Fort Worth Dec. 8, 2016) (not designated for publication).

Applicant contends, among other things, that after he was convicted and sentenced, the trial court entered a judgment *nunc pro tunc*, rendering his plea involuntary. We remanded this

application and ordered the trial court to determine whether Applicant received timely notice of the trial court's intent to enter a judgment *nunc pro tunc*. *See Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) ("Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law.").

On remand, the trial court made findings of fact and conclusions of law, determined that the trial court failed to provide notice to Applicant before it entered the judgment *nunc pro tunc*, and recommended that we deny this application.

We find that entry of the July 18, 2017 judgment *nunc pro tunc* violated Applicant's due process rights. Relief is granted. Findings in the July 18, 2017 judgment *nunc pro tunc* that sex offender registration requirements do apply and that the complainant was younger than 17 years of age shall be deleted. The trial court is free to enter a judgment *nunc pro tunc* if warranted and if the trial court follows the proper procedures.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Filed: September 11, 2019
Do not publish