

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-60,332-06

**EX PARTE SIMON LEE RILEY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B-02-0291-S-W-3 IN THE 119TH DISTRICT COURT FROM TOM GREEN COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment. The trial court ordered his sentence to run consecutively with a previous sentence pursuant to the State's request to cumulate sentences. The Third Court of Appeals affirmed Applicant's conviction, although ordering that the judgment be modified to reflect the correct amount of pre-sentencing jail time credit. *Riley v. State*, No. 03-04-00206-CR (Tex. App. — Austin Dec. 16, 2004) (not designated for publication). Applicant has filed two previous applications for writs of habeas corpus pertaining to this conviction, the first of which was denied and the second dismissed as a subsequent application barred by Article 11.07, §4 of the Texas Code of Criminal Procedure. After Applicant filed his second habeas application challenging this conviction but

before this Court dismissed that application, the trial court entered a judgment *nunc pro tunc* correcting one letter in the cause number of the conviction upon which Applicant's sentence in this case was cumulated. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In this application, Applicant alleges that the trial court's entry of the judgment *nunc pro tunc* correcting the cause number of the sentence with which this sentence was cumulated was improper, because the error on the original judgment was the product of judicial reasoning rather than a clerical error. Because the factual basis for this claim was not available at the time Applicant filed his initial habeas application challenging this conviction, this claim is not barred by Section 4. However, this claim is without merit, as the record supports the conclusion that the error was a clerical error and not the result of judicial reasoning. Therefore, that claim is denied. Applicant also alleges that the cumulation order is invalid, but this claim was available when Applicant filed his initial application, and is barred by Section 4. Therefore, that claim is dismissed.

The trial court recommends that relief be granted in the form of an out-of-time appeal from the judgment *nunc pro tunc*, because Applicant was not provided with an opportunity to be present for a hearing, represented by counsel, before the entry of an unfavorable judgment *nunc pro tunc*. *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976). However, Applicant does not raise this claim in his application, and this Court declines to grant relief on a claim not raised or argued by Applicant.

Filed: October 20, 2021
Do not publish