# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00614-CR

**Ex parte Kelly James McCarty**

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 30842D, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## NO. 03-22-00381-CR

**Ex parte Kelly James McCarty**

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 30842E, THE HONORABLE MICHAEL KEASLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kelly James McCarty was indicted for three counts of indecency with a child by contact. *See* Tex. Penal Code § 21.11. Following a jury trial, McCarty was convicted of the first and third counts and acquitted of the second count. In March 2009, the trial court sentenced McCarty to five years' imprisonment for the first count and ten years' imprisonment for the third count; however, the court suspended imposition of McCarty's sentence for the third count and placed him on community supervision for ten years. In two separate out-of-time

appeals, this Court affirmed McCarty's convictions on both counts.[1] *McCarty v. State*, No. 03-15-00640-CR, 2017 Tex. App. LEXIS 9453, at *20 (Tex. App.—Austin Oct. 6, 2017, pet. ref'd) (mem. op., not designated for publication) (affirming conviction on third count); *McCarty v. State*, No. 03-11-00628-CR, 2014 Tex. App. LEXIS 4046, at *20-21 (Tex. App.—Austin Apr. 15, 2014, no pet.) (mem. op., not designated for publication) (affirming conviction on first count).

In the instant appeals, which we consolidate for this opinion, McCarty seeks review of the trial court's orders denying his application for writ of habeas corpus and, later, dismissing his subsequently filed application for writ of habeas corpus. In both appeals, McCarty contends that the trial court abused its discretion by failing to find that his appellate counsel rendered ineffective assistance of counsel. We will affirm the trial court's orders.

## BACKGROUND

One issue presented in McCarty's appeal from his conviction on the third count was whether the trial court abused its discretion by ordering that his sentences run consecutively—that is, by ordering that McCarty's ten-year probation period begin to run after

---

[1] McCarty initially sought to appeal both convictions in one appeal, but his appeal was dismissed as untimely. *McCarty v. State*, No. 03-09-00378-CR, 2009 Tex. App. LEXIS 5722, at *1 (Tex. App.—Austin July 22, 2009, no pet.) (mem. op., not designated for publication). McCarty then sought permission to file an out-of-time appeal from the Court of Criminal Appeals, which the court granted as to his conviction on the first count but dismissed as to his conviction on the third count. *Ex parte McCarty*, No. AP-76,607, 2011 Tex. Crim. App. Unpub. LEXIS 610, at *2 (Tex. Crim. App. Aug. 24, 2011) (op., not designated for publication); *see* Tex. Code Crim. Proc. art. 11.07. McCarty then sought habeas relief to file an out-of-time appeal as to the third count, which was denied by the trial court but then granted by this Court on appeal. *Ex parte McCarty*, No. 03-14-00575-CR, 2015 Tex. App. LEXIS 4346, at *20-21 (Tex. App.—Austin Apr. 29, 2015, no pet.) (mem. op., not designated for publication); *see* Tex. Code Crim. Proc. art. 11.072.

completion of his five-year incarceration period.[2] *McCarty*, 2017 Tex. App. LEXIS 9453, at *10-11 McCarty argued the trial court's cumulation order was void because the trial court did not make an oral pronouncement during formal sentencing that his sentences would run consecutively, *Id.* at *11, *13; *see Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986), *disapproved of by Ex parte Madding*, 70 S.W.3d 131 (Tex. Crim. App. 2002) (setting aside cumulation order in written judgment that was not orally pronounced at sentencing), and because no evidence showed that he was present in the courtroom when the trial court stated in open court that his sentences would run consecutively. *McCarty*, 2017 Tex. App. LEXIS 9453, at *13; *see* Tex. Code Crim. Proc. art. 42.03 § 1(a). Rejecting these arguments, and affirming the trial court's decision to cumulate McCarty's sentences, this Court stated:

> On this record, we cannot conclude that McCarty lacked adequate notice that his sentences for the third and first counts would be cumulated—beginning with confinement in TDCJ followed by probation—or that his substantial rights were violated.

*McCarty*, 2017 Tex. App. LEXIS 9453, at *14.

In July 2019, McCarty had completed his five-year sentence on count one and was serving his ten-year probated sentence on count three when the State filed a motion to revoke his probation.[3] McCarty subsequently filed two applications for writ of habeas corpus in connection with the State's motion to revoke. On May 3, 2021, McCarty, representing himself pro se, filed his first application for writ of habeas corpus, challenging the trial court's

---

[2] Because the facts of the underlying case are well known to the parties and are set forth in the Court's opinions affirming McCarty's convictions, we do not recite them here.

[3] The State amended its motion to revoke McCarty's probation three times to add new alleged violations—on January 22, 2021; November 30, 2021; and March 25, 2022.

jurisdiction over the State's motion to revoke.  Specifically, McCarty argued that his appellate counsel, in challenging the trial court's cumulation of his sentences, had failed to provide effective assistance of counsel and that the trial court should instead treat his sentences as running concurrently and, consequently, his probated sentence as completed.  McCarty's appellate attorney filed a sworn affidavit in response to McCarty's allegations, and on November 1, 2021, the trial court signed an order denying McCarty's first application for writ of habeas corpus.

On May 9, 2022, the same day that the trial court was scheduled to conduct a hearing on the State's motion to revoke, McCarty filed a second application for writ of habeas corpus, this time through counsel.  In his second application, McCarty again argued that his appellate counsel was ineffective by failing to raise several arguments in challenging the trial court's cumulation of his sentences and that when the cumulation order is recognized as void, McCarty's "term of probation on count [three] terminated on November 21, 2021."

The trial court declined to hear McCarty's second application before going forward with the hearing on the motion to revoke.  At the conclusion of the hearing, the trial court granted the State's motion and signed a judgment revoking McCarty's probation.[4]  On June 15, 2022, the trial court entered an order dismissing McCarty's second application for writ of habeas corpus.

McCarty timely filed separate notices of appeal from the trial court's orders denying his applications for writ of habeas corpus.  In cause number 03-21-00614-CR, McCarty,

---

[4]  McCarty has filed a separate notice of appeal from the trial court's judgment revoking community supervision, and that appeal has been assigned appellate cause number 03-22-00341-CR.

4

appearing pro se, challenges the trial court's November 2021 denial of his first application. In 03-22-00381-CR, represented by counsel, McCarty challenges the trial court's May 2022 denial of his second application.

## STANDARD OF REVIEW

In general, we review a trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte McCarty*, No. 03-14-00575-CR, 2015 Tex. App. LEXIS 4346, at *3-4 (Tex. App.—Austin Apr. 29, 2015, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Mann*, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). But a trial court does not abuse its discretion if its "ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Article 11.072 of the Code of Criminal Procedure is "the exclusive means by which district courts may exercise their original habeas jurisdiction" in cases involving an individual who is either serving a term of community supervision or who has completed a term of supervision.[5] *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016) (quoting *Ex parte*

---

[5] In his first application for writ of habeas corpus, McCarty invoked Article 11.08 as the basis for the trial court's habeas jurisdiction. *See* Tex. Code Crim. Proc. art. 11.08 (providing that person "confined after indictment on a charge of felony" may apply for writ of habeas corpus). Although he should have invoked Article 11.072, McCarty now contends that this Court may, on appeal, consider his application as if it were filed under Article 11.072, and the State has conceded that the procedural requirements of Article 11.072 were followed in the trial court. This Court has previously recognized that, in these circumstances, the failure of a habeas applicant to invoke Article 11.072 is of "little consequence" and thus does not deprive the trial court of jurisdiction to consider the application. *See Ex parte Balderrama*, 214 S.W.3d 530, 532

5

*Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008)); *see* Tex. Code Crim. Proc. art. 11.072, § 1. In Article 11.072 habeas proceedings, the trial court "is the sole finder of fact," *Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011), and on review, we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor, *Ex parte Torres*, 483 S.W.3d at 42. In addition, we afford almost total deference to the trial court's application of the law to the facts when resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Ali*, 368 S.W.3d at 831; *see Ex parte Nugent*, 593 S.W.3d 416, 424 (Tex. App.—Houston [1st Dist.] 2019, no pet.) This deferential standard applies even when the trial court's findings are based on affidavits rather than live testimony. *Ex parte Thompson,* 153 S.W.3d 416, 425 n.14 (Tex. Crim. App. 2005). We review de novo the trial court's resolution of mixed questions of law and fact that do not turn on witness credibility and its resolution of pure questions of law. *Ex parte Back*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

## APPLICABLE LAW

An applicant for post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d at 43. Claims of ineffective assistance of counsel are governed by the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate entitlement to post-conviction relief based on ineffective assistance of counsel under *Strickland*, an applicant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective

(Tex. App.—Austin 2006, pet. ref'd). Consequently, we will treat McCarty's application as if it were filed pursuant to Article 11.072.

6

standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Id.* at 693.

When, as in this case, a habeas applicant contends that appellate counsel rendered ineffective assistance by failing to raise a particular issue on appeal, the applicant must show, by a preponderance of the evidence, that the decision not to raise the issue was objectively unreasonable and that there is a reasonable probability that, but for appellate counsel's failure to raise the issue, the applicant would have prevailed on appeal. *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Crim. App. 2007). While "[a]n attorney need not advance every argument, regardless of merit, urged by the appellant," if "appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it." *Ex parte Flores*, 387 S.W.3d 626, 639 (Tex. Crim. App. 2012). With these principles in mind, we will review the trial court's rulings on each of McCarty's applications for writ of habeas corpus.

## ANALYSIS

### *McCarty's First Application for Writ of Habeas Corpus*

In his first habeas application, McCarty asserted that his appellate counsel's challenge to the trial court's decision to order that his sentences run consecutively was deficient in three respects.[6] First, McCarty pointed out that the trial court judge made a handwritten

---

[6] On appeal, McCarty asserts that the trial court erred in denying his habeas application for these three reasons. However, McCarty also attempts to raise ineffective-assistance-of-counsel claims and issues on appeal that he did not raise in the habeas proceedings below, including a claim that appellate counsel rendered ineffective assistance by failing to argue that the trial court violated Article 42.03 of the Code of Criminal Procedure when it pronounced McCarty's sentence after hearing victim-impact statements. *See* Tex. Code Crim. Proc.

notation on the judgment for count three, dated June 24, 2009, stating, "For clarification—this count runs consecutively to count one." McCarty argued that this handwritten notation, signed more than ninety days after his sentence was rendered, constitutes an improper judgment nunc pro tunc and is void as a matter of law. As a result, McCarty reasoned, his appellate counsel rendered ineffective assistance by failing to present this void-judgment argument to this Court in his 2017 appeal.

In felony cases, the "sentence shall be pronounced in the defendant's presence." Tex. Code Crim. Proc. art. 42.03 § 1(a); *see Ex parte Madding*, 70 S.W.3d at 135 ("At a bare minimum, due process requires that a defendant be given notice of the punishment to which he has been sentenced."). When a defendant is convicted of more than one offense in the same proceeding, the trial court's oral pronouncement must include whether the sentences will run concurrently or consecutively.[7] *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006,

---

art. 42.03. This Court's appellate jurisdiction in habeas cases is limited to the review of those issues that were raised in the habeas proceedings below. *Greenville v. State*, 798 S.W.2d 361, 363 (Tex. App.—Beaumont 1990, no pet.); *see also Ex parte Evans*, 410 S.W.3d 481, 485 (Tex. App.—Fort Worth 2013, pet. ref'd) ("But appellant did not raise this argument in his application for writ of habeas corpus that he filed in the trial court; thus, we will not consider it in this appeal."). Therefore, we are without jurisdiction to decide whether the trial court abused its discretion in denying McCarty's application on any basis other than these three alleged deficiencies.

[7] A trial court's discretion to order sentences to run consecutively is provided by statute. *See Mireles v. State*, 444 S.W.3d 679, 680 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Article 42.08 of the Code of Criminal Procedure generally authorizes a trial court, in its discretion, to cumulate sentences "imposed or suspended" when the same defendant has been convicted in two or more cases. Tex. Code Crim. Proc. art. 42.08. When a defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, the trial court may order that the sentences run consecutively under certain circumstances, including when each sentence is for a conviction for a child-sexual-abuse offense. *See* Tex. Penal Code § 3.03(b)(2)(B). In this case, it is undisputed that the trial court was statutorily authorized to order that McCarty's sentences run consecutively.

pet. ref'd); *see Ex parte Madding*, 70 S.W.3d at 136 ("If a trial judge wants to 'stack' a defendant's sentences so that they run consecutively, however, he must make such an order at the time and place that sentence is orally pronounced."). The trial court's written judgment, including the sentence assessed, serves only to memorialize that oral pronouncement. *Aguilar*, 202 S.W.3d at 842 (citing *Ex parte Madding*, 70 S.W.3d at 136). Thus, as a general rule, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018).

A trial court may enter a judgment nunc pro tunc to correct a discrepancy between the written judgment and the judgment as pronounced in court. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012); *see* Tex. R. App. P. 23.1 ("Nunc Pro Tunc Proceedings in Criminal Cases"); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980) ("The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time."). A trial court may enter a judgment nunc pro tunc at any time, even after the trial court loses its plenary jurisdiction. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, no pet.) ("[A] valid judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over the case."). A judgment nunc pro tunc may only be used by the trial court to correct clerical errors, and not errors that are a result of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). When a trial court corrects its records to reflect the truth of what happened in the trial court, the court is correcting a clerical error, not a judicial error. *Hall v. State*, 373 S.W.3d 168, 172 (Tex. App.—Fort Worth 2012, pet. ref'd); *In re Cherry*, 258 S.W.3d at 333

9

("[A] nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined[.]").

In our opinion overruling McCarty's challenge to the trial court's cumulation order, this Court concluded that even if the trial court's formal oral pronouncement of his sentence was insufficient, as McCarty argued, he was not harmed by the deficiency. *McCarty*, 2017 Tex. App. LEXIS 9453, at *11. In reaching this conclusion, we explained that the record reflected an open-court discussion, immediately preceding formal sentencing, in which the trial court "plainly stated that McCarty's sentence would be served consecutively."[8] *Id.* at *12. The record also showed that the judgment on count three containing the cumulation order was given to defense counsel. *Id.* Consequently, when his sentence was pronounced orally in open court,

---

[8] During an open-court discussion, immediately preceding its formal pronouncement, the following exchange occurred among the trial court, the state, and defense counsel:

THE COURT: Here are the judgment[s]. . . . I think I'll add a comment to the probated sentence that it's the court's intent that the sentence in Count 3—it says consecutive, but don't think it's obvious. . . . I guess it's certainly implied that—

STATE: —that when he gets out, he goes into probation.

THE COURT: —the confinement starts first, but I'll just jot a note in there that it's the intent that Count 3 [probation] begin when the sentence in Count 1 [incarceration] ceased to operate.

DEFENSE COUNSEL: Let me read these now.

. . .

THE COURT: Then as to Counts 1 and 3 for which a sentence has been determined by the jury, is there any legal reason why sentence should not now be imposed?

STATE: State has none, Your Honor.

DEFENSE COUNSEL: No, Your Honor.

McCarty was aware that his probation for count three would be served consecutively and after his incarceration for count one. *Id.* at *12-13.

Consistent with the trial court's oral pronouncement, the clerk's record reveals that the original written judgment on the third count stated, "this sentence shall run consecutively." The original written judgments failed, however, to specify the sequential order in which the sentences would run, that is, which of McCarty's two sentences would be served first. The trial court's subsequent handwritten notation on the written judgment for count three, "clarif[ying] [that] this count [three] runs consecutively to count one," corrected that omission, consistent with the trial court's oral pronouncement. A trial court may correct a cumulation order nunc pro tunc to add descriptive details inadvertently omitted, including which sentence will run first. *Mitchell v. State*, Nos. 09-18-00333—00335-CR, 2019 Tex. App. LEXIS 10957, at *6 (Tex. App.—Beaumont Dec. 18, 2019, no pet.) (mem. op., not designated for publication) (concluding that judgments nunc pro tunc that added specificity by stating which sentence would run first was proper and not void (citing *Strahan v. State*, 306 S.W.3d 342, 353 (Tex. App.—Fort Worth 2010, pet. ref'd))); *see Williams v. State*, 675 S.W.2d 754,765 n.6 (Tex. Crim. App. 1984) ("A trial court may correct a cumulation order nunc pro tunc."). To the extent the trial court's handwritten notation on the written judgment for count three—specifying which of McCarty's consecutive sentences would be served first—constitutes a judgment nunc pro tunc, as McCarty contends it does, we conclude that the notation is proper and that his appellate counsel was not deficient in failing to argue otherwise.

Further, to the extent that McCarty suggests that his appellate counsel was deficient in failing to argue that the judgment, as corrected, is void because he did not receive notice of the correction and of his right to appeal, we disagree. Because we have concluded that

a judgment nunc pro tunc is proper to correct the error presented in this case and because McCarty was not deprived of his right to appeal the judgment as corrected, any error in failing to provide McCarty notice did not affect his substantial rights. *See* Tex. R. App. P. 44.2(b); *see also Juarez v. State*, No. 02-18-00116-CR, 2019 Tex. App. LEXIS 7580, at *9 (Tex. App.— Fort Worth Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication) (rejecting appellant's constitutional complaint that he did not receive notice of proposed unfavorable nunc pro tunc order because appellate court determined that "trial court properly entered the order nunc pro tunc to correct the record" and "remanding for a hearing would be a 'useless task'" (quoting *Homan v. Hughes*, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986) (orig. proceeding))); *cf. Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) (due process requires that when nunc pro tunc judgment or order is unfavorable to defendant, he "should be given an opportunity" to be heard).

In his second argument in his habeas application, McCarty asserted that his appellate counsel's performance was deficient because he failed to make clear in his appellate briefing that the trial court did not add the notation to the judgment on count three until months after the original written judgments were signed. McCarty reasoned that when this Court stated in its opinion that "the record reflects that the judgment on Count Three containing the cumulation order was provided to defense counsel," it did so based on an incorrect assumption that the trial court had made the notation during the open-court discussion and that defense counsel reviewed the annotated version of the judgment at that time. McCarty argued that his appellate counsel was deficient in failing to point out this timing issue and that, as a result, this Court erroneously determined that defense counsel had been provided a copy of the cumulation order.

McCarty's analysis of this Court's reasoning is incorrect. As previously discussed, the original written judgment on count three stated that his sentences would run "consecutively." As a result, the original written judgment on count three contained a cumulation order, even though it failed to specify which of the two sentences would be served first. Contrary to McCarty's assertion, nothing in this Court's analysis suggests that when it stated that "the record reflects that judgment containing the cumulation order was provided to defense counsel," that the Court was referring to the cumulation order in the annotated judgment on count three and not the cumulation order in the trial court's original written judgment on count three.

In the third and final argument in his habeas application, McCarty asserted that appellate counsel's performance was ineffective in arguing that there was no evidence that he was present in the courtroom when the trial court announced it would cumulate his sentences. *See* Tex. Code Crim. Proc. art. 42.03 (requiring defendant's presence during pronouncement of sentence). In rejecting this lack-of-presence argument in his prior appeal, this Court concluded that the only evidence in the record showed that McCarty, in fact, was present when the court stated that the sentences would run "with confinement starting first" and that when the trial court formally addressed McCarty in pronouncing his sentence, it informed him that his residence for purpose of sex-offender registration would be TDCJ until he went on probation. Nevertheless, McCarty asserts that appellate counsel's lack-of-presence argument was deficient because he failed to argue in the alternative that "even if [McCarty] was present in the courtroom during a conversation at the bench regarding cumulation," it was unreasonable for the Court to assume that he heard and understood that conversation.

13

As McCarty's appellate counsel pointed out in his affidavit in response to McCarty's habeas application, whether McCarty could hear and understand the trial court's oral pronouncement would not be discernable from the record. Moreover, McCarty does not contend that he actually was unable to hear or understand the open-court discussion, or that he raised this issue with the trial court, only that as an appellate court, we should not assume that he could hear and understand. We cannot conclude that it was objectively unreasonable for appellate counsel not to make this alternative argument about McCarty's ability to hear and understand. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (explaining that "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness").

Moreover, to the extent McCarty assumes that this Court's decision to affirm the trial court's cumulation of his sentences turned on the lack of a record "affirmatively indicating that he left the courtroom," this assumption is incorrect. *See McCarty*, 2017 Tex. App. LEXIS 9453, at *13. While we observed that "the only evidence in the record is that McCarty was present when the Court stated that the sentences would run with 'confinement start[ing] first'" and that McCarty had not pointed to evidence affirmatively establishing his absence, the import of that observation was that there was at least some evidence in the record that McCarty had been informed that his sentence would run consecutively. *Id.* Similarly, the Court observed that the trial court had formally addressed McCarty in pronouncing his sentence, informing him that his residence for purpose of sex-offender registration would be TDCJ until he went on probation. *Id.* at *13-14. Consequently, based on the trial court's statements, made in McCarty's presence about his sentences, this Court could not "conclude that McCarty lacked adequate notice that his

sentences for the third and first counts would be cumulated—beginning with confinement in TDCJ followed by probation." *Id.* at *14.

In summary, the arguments that McCarty contends his appellate counsel should have raised in challenging the trial court's cumulation order lack merit. Consequently, we cannot conclude that his appellate counsel was ineffective for failing to raise them. *See Ex parte Covarrubias*, 665 S.W.3d 605, 614 (Tex. Crim. App. 2023) ("Appellate counsel cannot be ineffective for failing to raise meritless claims."). We overrule McCarty's issues on appeal in cause number 03-21-00614-CR.

### McCarty's Second Application for Writ of Habeas Corpus

Next, we consider McCarty's appeal of the trial court's dismissal of his second habeas application. In his second application, McCarty raised many of the same ineffective-assistance-of-counsel arguments that he presented in his first application, including that appellate counsel failed to assert that the handwritten notation on the judgment for count three was added after the court lost its plenary power and without giving any notice to McCarty.

In its response to his second application, the State argued that the trial court should dismiss McCarty's second habeas application without deciding its merits because the application was filed under Article 11.08 but should have been filed under Article 11.072, and thus it failed to invoke the court's habeas jurisdiction. In the alternative, the State argued in its response that even if McCarty's application were treated as an application under Article 11.072, the trial court should dismiss McCarty's second application because it is procedurally barred as a subsequent writ under Subsection 9(a) of Article 11.072.

On appeal, McCarty does not dispute that his second habeas application invoked Article 11.08 and not Article 11.072. Moreover, he does not contend that on appeal, we should treat his application as an application filed under Article 11.072. Instead, McCarty contends that he intentionally filed his application under Article 11.08 to avoid the subsequent-writ bar imposed by Article 11.072 and that because the trial court did not treat his second application as filed under Article 11.072, neither should this Court on review. *Cf. Ex parte Balderrama*, 214 S.W.3d 530, 532 (Tex. App.—Austin 2006, pet. ref'd) (refusing to dismiss appeal of denial of application for writ of habeas corpus on ground that application erroneously invoked article 11.08 and not 11.072 because the parties and trial court followed procedural requirements of article 11.072). In other words, McCarty asserts that under the circumstances of this case, a significant procedural consequence—namely, application of Article 11.072's subsequent-writ bar—turns on whether his application properly invoked Article 11.08 or should have instead relied on Article 11.072. *Cf. id.* (noting that "whether [applicant] properly invoked article 11.08 or should have instead relied on article 11.072 is of little consequence—jurisdictional, procedural, or otherwise—under the circumstances of this case").

Treating McCarty's second application as invoking Article 11.08, as he asserts that we should, we conclude that the trial court did not err in dismissing his application. A defendant who has been charged with committing a felony offense but "has not been convicted of the offense" may file an Article 11.08 application for writ of habeas corpus. Tex. Code Crim. Proc. art. 11.08. In contrast, as we previously explained, Article 11.072 is the exclusive habeas provision for a case involving an individual who is serving or has served a term of community supervision. *See id.* art. 11.072; *Torres*, 483 S.W.3d at 42. An individual may file a habeas application under Article 11.072 if, at the time the habeas application is filed, the applicant is on

16

community supervision or was on community supervision that was not revoked. *See State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013). Here, the record shows that when McCarty filed his second application, he had been convicted on count three and, under the terms of the trial court's written judgment for count three, was on community-supervision probation. Therefore, Article 11.072 was the proper vehicle for bringing his habeas claim, and as a result, Article 11.08 does not apply. Because McCarty did not file his application under Article 11.072, the trial court could not have granted McCarty's request for habeas relief.

However, even if we were to treat McCarty's second application as an Article 11.072 application, we would not conclude that the trial court erred in dismissing the application. After a trial court considers and rejects an applicant's initial Article 11.072 habeas corpus application, the court may not consider subsequent Article 11.072 applications unless the new application contains sufficient specific facts "establishing that the current claims and issues have not been and could not have been presented" in a previous application "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."[9] Tex. Code Crim. Proc. art. 11.072, § 9(a). Upon review of McCarty's first and

---

[9] Subsection 9(a) of Article 11.072 states:

> If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains specific facts establishing that the current claims and issues have not and could not have been presented previously in an original application nor in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

Tex. Code Crim. Proc. art. 11.072, § 9(a).

second applications, we conclude that both applications are based on claims of ineffective assistance of counsel and that although he raises some additional theories as to his counsel's allegedly ineffective conduct in his second application, nothing in his factual allegations suggests that those theories were unavailable to him when he filed his first application. Consequently, we could not conclude that the trial court erred to the extent it concluded that McCarty's second application was barred as a subsequent writ under Subsection 9(a) of Article 11.072.

To the extent the trial court dismissed McCarty's second application without ruling on the merits of his claim for relief, we agree that the dismissal was proper. We overrule McCarty's issues on appeal in cause number 03-22-00381-CR.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in denying McCarty's first application for a writ of habeas corpus, we affirm the order denying the application in cause number 03-21-00614-CR. Having concluded that the trial court did not err in dismissing McCarty's second application for a writ of habeas corpus, we affirm the order dismissing the application in cause number 03-22-00381-CR.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

03-21-00614-CR:  Affirmed
03-22-00318-CR:  Affirmed

Filed:  October 13, 2023

Do Not Publish